## DAVID OGLE

### v.

## VIRGINIUS A. TURPIN, Receiver, etc.

SECOND APPEAL—RES ADJUDICATA.—Upon a second appeal this court will not consider any questions which have been passed upon and determined by it on a former appeal. All such questions are to be regarded as *res adjudicata.*

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed April 7, 1881.

Messrs. DENT & BLACK, for appellant; that the rule preventing re-consideration of questions already decided, applies only to courts of last resort, cited Cook v. Norton, 61 Ill. 285;

Hollowbush v. McConnell, 12 Ill. 203; C. & A. R. R. Co. v. The People, 72 Ill. 83; Chickering v. Failes, 29 Ill. 304; Smith v. Moore, 26 Ill. 393; Semple v. Anderson, 4 Gilm. 546

Messrs. HITCHCOCK, DUPEE & JUDAH, for appellees.

BAILEY, J.  A decree in this case in favor of David Ogle the complainant, was brought to this court by appeal at the March term, 1879, and reversed, the grounds of the reversal being fully stated in the opinion of this court, prepared by Mr. Justice Pleasants.  Turpin v. Ogle, 4 Bradwell, 611.  The cause, after being remanded to the court below, was again heard upon precisely the same pleadings and evidence as before, except that one witness was permitted to make a slight correction in his testimony, not material however to any of the questions decided on the former appeal, and on such hearing a decree was entered dismissing the bill for want of equity, in accordance with the decision of this court.  The complainant now brings the case here by appeal, and assigns for error the rendition of this decree.

We are asked to reverse our former decision, because since it was made the Supreme Court, in another case involving somewhat similar facts, has apparently taken a different view of the law from that adopted by us.  Keohane v. Smith, 97 Ill. 156.  Unquestionably, the decisions of the Supreme Court are binding upon this court as authority, and the law as declared by that tribunal should be adopted and acted upon by this court in all cases to which it properly applies.  The question however arises, whether in this case it would be proper for us, upon a second appeal, to attempt to re-adjudicate the questions we have once decided, even if we should become convinced that our former decision was erroneous.

It has been uniformly held by our Supreme Court, and by the Supreme Court of the United States, that on a second appeal those courts will not consider any questions which have been passed upon and determined by them on a former appeal, but that all such questions are to be regarded as *res adjudicata*.

In Sizer v. Many, 16 How. 98, the court say: " It has been settled by the decisions of this court, that after a case has been

Ogle v. Turpin.

brought here and decided, and a mandate issued to the court below, if a second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be re-heard or re-examined upon the second." So in Corning v. Troy Iron and Nail Factory, 15 How. 451, the court, in discussing the same question, say: "Whatever was formerly before the court, and was disposed of by its decree, is considered as finally disposed of."

For other cases involving the same principle, see Roberts v Cooper, 20 How. 467; Himely v. Rose, 5 Cranch, 313; The Santa Maria, 10 Wheat. 431; Browder v. McArthur, 7 Id. 58; Martin v. Hunter's Lessee, 1 Id. 304; Washington Bridge Co. v. Stewart, 3 How. 413; Sibbald v. The United States, 12 Pet. 488; Campbell v. Rankin, 99 U. S. 261.

In Martin v. Hunter's Lessees, *supra*, in reply to an allegation that the former judgment of the Supreme Court had been rendered when the court had no jurisdiction, it is said: "A second writ of error has never been supposed to draw in question the propriety of the first judgment, and it is difficult to perceive how such a proceeding could be sustained on principle. A final judgment of this court is supposed to be conclusive upon the rights it decides, and no statute has provided any process by which this court can reverse its judgments." In Sibbald v. The United States, the court, in considering the question of its power over its own judgments rendered at a former term, say: "Appellate power is exercised over proceedings of inferior courts; not those of the appellate court. The Supreme Court have no power to review their decisions, whether in a case at law or in equity. . . No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decisions or judgments, for errors of fact or law, after the term in which they have been rendered."

Whenever this question has been considered by the Supreme Court of this State, substantially the same conclusion has been reached. Thus, in Rising v. Carr, 70 Ill. 576, it was held that when a cause has been once determined on its merits in the

Supreme Court, and remanded to the inferior court, and a decree is there rendered in conformity to the decision of the Supreme Court, an appeal from that decision will not be considered. In the opinion the court say: "We regard it as simply an effort to induce this court to reconsider its former judgment. We have neither the power nor inclination to permit that to be done in this way. It could only be done on petition for a rehearing, in the manner prescribed by the rules of this court."

In Semple v. Anderson, 4 Gilm. 546, the court, after carefully examining the authorities and considering them in connection with its own rules and practice, hold, "that when a case has been once decided on its merits, and the same cause shall at a subsequent time be brought before the same tribunal, the court will not go behind its former adjudications, even though it shall appear upon the record that the court acted without jurisdiction; that a superior court cannot review or reverse its own decisions solemnly made."

In Kingsbury v. Buckner, 70 Ill. 514, the court was urged to review its decision on a former appeal, and in holding that every question then settled had become *res adjudicata,* they say: "We cannot examine as to the merits of the original case, but only as to proceedings subsequent to the decision at the former hearing. If the course suggested and strenuously insisted upon by the counsel for appellant was pursued by appellate courts, litigation would never cease. New counsel, as in this case, would make new arguments and present additional points for adjudication, and the most resolute persistance would finally settle the rights of the parties. The appellate power of this court would then be exercised more over its own proceedings and judgments than over those of inferior courts."

To the same effect, see Ogden v. Larrabee, 70 Ill. 510; Hollowbush v. McConnell, 12 Id. 203; C. & A. R. R. Co. v. The People, *ex rel.* etc. 72 Id. 82; Smith v. Brittenham, 94 Id. 624; Cook v. Norton, 61 Id. 285; Price v. Price's Administrators, 23 Ala. 609; Booth v. The Commonwealth, 7 Metc. 285.

The same question arose in this court directly, in Ward v.

Ogle v. Turpin.

Johnson, 5 Bradwell, 30, and incidentally, in Oldershaw v. Knowles, 6 Id. 325; and in both cases our decision was in accordance with the principles established by the authorities above cited.

While counsel for the appellant seem to admit the applicability of the rule above laid down to courts of last resort, they still claim that in this court, in a case in which appeal lies to the Supreme Court, a different rule should obtain. They insist that while the Supreme Court may be bound by its former adjudication, this court is not so bound, but may disregard its former decision, should it conclude that such decision was erroneous. It is true in some of the cases above cited, allusion is made to the fact that the proceeding on appeal is in a court of last resort, but we do not understand that in any instance the decision is based upon that circumstance. They rest upon the broader ground that the questions both of law and of fact determined by a judgment of a court of competent jurisdiction are, as between the parties, so long as the judgment remains in force, *res adjudicata*, and that the jurisdiction of appellate courts is limited to appeals and writs of error from the judgments of inferior courts, and does not embrace the power to to revise or reverse their own decisions after the term has passed, and the time limited by their rules and practice for granting re-hearings has expired.

In Rising v. Carr, *supra*, the Supreme Court places its refusal to re-consider its former decision upon its *want of power* so to do, and it is very clear that the powers of this court in the disposition of causes brought here by appeal, are no broader than are those of the Supreme Court. The language of neither the Constitution nor statutes confers upon this court more extensive authority than upon the Supreme Court, and the tenth section of the act for the establishment of appellate courts expressly provides that the practice in those courts shall be the same as in the Supreme Court, so far as applicable.

On the former appeal this cause was remanded for further proceedings not inconsistent with the opinion filed, and the principles laid down in the opinion were such as to leave no dis-

cretion in the court below to render any other decree than the one which has been rendered, so long as the record remained essentially unchanged. The decree having been entered in strict compliance with our mandate, no question is presented by the present appeal which it is in our power to consider. It only remains for us to affirm the decree, leaving it to the Supreme Court to finally determine the rights of the parties.

Decree affirmed.