## A. J. BRALL

### v.

## H. C. AGNEW ET AL.

1. MUNICIPAL CORPORATIONS—ESTOPPEL.—A municipality may be estopped by the acts of its officers, and a settlement of an existing controversy, if made in good faith, binds the corporation.

2. SETTLEMENT OF JUDGMENT BY CITY COUNCIL.—Appellant presented a petition to the city council setting forth mitigating circumstances, and asking that a judgment for $200 rendered against him for violation of municipal ordinances be satisfied upon the payment of $100. By a majority vote, the council determined to accept such proposition. Appellant then desisted from taking an appeal. After the time for an appeal had expired, the city attorney ordered out an execution, and placed it in the hands of a constable, with instructions to collect the whole of the judgment. Appellant then paid the $100 to the mayor, who turned it into the city treasury, and brought a bill in chancery to enjoin the collection of the balance of the judgment. *Held*, that a perpetual injunction to restrain such collection should be granted.

APPEAL from the Circuit Court of McDonough county; the Hon. S. P. SHOPE, Judge, presiding. Opinion filed May 22, 1884.

Messrs. NEECE & BLAZER, for appellant; that a municipal corporation has authority, through its council or governing body, to settle suits, cited Dillon on Municipal Corporations, § 398, n. 4; Petersburg v. Mappin, 14 Ill. 193; Harms v. Fitzgerald, 1 Bradwell, 325.

The doctrine of estoppel *in pais* applies to municipal corporations: Logan Co. v. City of Lincoln, 81 Ill. 156; Martel v. City of East St. Louis, 94 Ill. 67.

Mr. Jas. H. Bacon and Mr. H. C. Agnew, for appellees; that neither the corporation nor its officers can do any act, make any contract or incur any liability not authorized by its organic act, cited Dillon on Municipal Corporations, § 55; Cook Co. v. McCrea, 93 Ill. 236; Zanone v. Mound City, 103 Ill. 552.

The judgment was the private property of the corporation, and the council had no power to dispose of it without any consideration: Petersburg v. Mappin, 14 Ill. 193; Milhan v. Sharp, 15 Barb. 193; Allen v. Marion, 11 Allen (Mass.), 108; Sherlock v. Winnetka, 59 Ill. 389.

McCulloch, P. J. This was a bill in chancery brought by appellant against appellees, to enjoin the collection of a balance of a judgment of $200, rendered before a police magistrate, against appellant and in favor of the city of Macomb, for a violation of its municipal ordinances. The said judgment was rendered on the 20th day of March, 1883. On the 2d day of April ensuing, appellant presented a petition to the city council, then in session, setting out a series of mitigating circumstances under which the offense had been committed, and asking that the judgment be satisfied upon his paying $100, and costs of suit. At the same meeting the city council by a majority vote determined to accept the said $100 and costs in satisfaction of the judgment, and the mayor was instructed to receipt the justice's docket upon payment of the money according to the vote of the council.

Prior to this action of the city council, appellant had taken some steps toward appealing the case, and had employed counsel for that purpose, but upon the city council taking the aforesaid action, he took no further steps in that direction. Matters remained in this situation until after the time for taking an appeal had expired. On the 13th day of April, Agnew, the city attorney, ordered out an execution, and placed

the same in the hands of appellee Williams, as constable, with instructions to collect the whole of the judgment and costs. Almost simultaneously with this action of the city attorney, appellant paid to A. Blount, the mayor of the city, $112.95, and took his receipt therefor in full payment and satisfaction of said judgment and costs, in pursuance of the order made by the council at their meeting of the 2d day of April. Tho money so paid into the hands of the mayor was by him turned into the city treasury.

After this payment had been made, the city attorney still persisting in his determination to collect the whole of the judgment, the bill in this case was filed. Upon a hearing in the circuit court, the injunction therefor granted was dissolved and the bill dismissed. Appellant now brings the case to this court by appeal.

It is contended on the part of appellees that the city council had no power to dispose of the judgment in the manner it assumed to do, because it was the private property of the corporation, over which the council had no such control.

We think it is a sufficient answer to this proposition, to say that at the time the action of the council now in question was taken, the matter in litigation had not yet reached its termination, and so the judgment had not become absolutely a part of the assets of the city. The right of appeal was still open.

Counsel for appellee do not question the right of the city council to settle pending suits. If that be the law, then it seems reasonable that, in order to avoid an appeal where the way to an appeal is still open, the same body may order a prosecution to proceed no further if the defendant will pay a portion of the judgment rendered before the magistrate.

We do not deem it necessary to follow the argument of counsel for appellees as to whether or not the transaction between appellant and the city of Macomb constituted a valid contract. It sufficiently appears that the corporate authorities accepted the proposition of appellant; that relying upon their action, he desisted from taking his appeal; that he afterward paid the money as he had proposed; that the same was ac-

cepted and passed into the city treasury, where it remained until the commencement of this suit.

That a municipality may be estopped by the acts of its officers, is the settled law of this. State. Logan County v. City of Lincoln, 81 Ill. 156; Martel v. East St. Louis, 94 Ill. 67; Village of Genoa v. Van Alstyne, 108 Ill. 558; and a settlement of an existing controversy, if made in good faith, binds the corporation. Petersburg v. Mappin, 14 Ill. 193.

We are of the opinion, this case comes within the principles of the decisions just quoted. Although appellant did not pay the money until after the expiration of the time in which he could have perfected an appeal, yet it does appear that he lost his right of appeal in consequence of the action of the city council. He followed the light displayed for his guidance by the city authorities, and they can not now be heard to say it was an *ignis fatuus.* They are bound by their acts, and under the evidence contained in this record, the injunction should have been made perpetual. The decree of the circuit court will therefore be reversed and the cause remanded.

Reversed and remanded.