The Wabash, St. Louis and Pacific Railway Company

*v.*

Maria Peterson.

*Filed at Springfield January 22, 1886.*

1. Former adjudication—*on writ of error or appeal.* Matters decided by the Appellate Court on appeal or writ of error, can not be reëxamined in the same court on a subsequent writ of error brought on the same record.

2. Where the Appellate Court affirms a judgment on appeal, notwithstanding the errors assigned, its decision is *res judicata*, and presents a bar to an assignment of the same errors on a second appeal to that court.

3. SAME—*whether the case on the former appeal was disposed of on its merits—as affecting the right to a second appeal.* Where the record of the Appellate Court shows that the judgment appealed from was affirmed in all respects, notwithstanding the errors assigned, this must be taken as an affirmance or judgment on the merits, and parol evidence is inadmissible to show the court did not determine the case on the merits.

4. The record of a court can never be contradicted, varied or explained by evidence *dehors* the record itself. A record imports absolute verity, and it must be tried and construed by itself.

5. To a plea of a former judgment of the Appellate Court affirming the same judgment sought to be reviewed, the plaintiff in error replied specially that the merits of the case were not heard and determined in the Appellate Court at the former term when the cause was before it, on account of the misprision of the clerk of the trial court in failing to give the bill of exceptions in the transcript of the record: *Held*, that the replication was bad on demurrer.

6. PRESUMPTION—*in support of a judgment.* Where the Appellate Court finds an issue on a replication of *nul tiel record* to a plea of a former judgment of that court in bar of a writ of error, this court, in the absence of anything in the record showing what evidence was introduced in the Appellate Court, will presume that the evidence warranted the finding.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Mason county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. BROWN & KIRBY, for the plaintiff in error:

Proceedings in one case constitute no bar to another, unless the merits of the controversy have been passed upon. *Schertz* v. *People*, 105 Ill. 27.

The judgment of the Appellate Court constituted *res judicata* only as to the questions which it had power to hear and determine. *Hawley* v. *Simmons*, 102 Ill. 115.

A judgment rendered because of a defect in the pleadings is no bar to a further action. The omission to incorporate the bill of exceptions in the record is the same as an omission of an essential allegation in a declaration. A judgment affirming in such case is no bar. *Lessee* v. *Truman*, 10 Ohio St. 45; *Johnson* v. *White*, 13 S. & M. 584; *Shields* v. *Taylor*,

id. 127; *Greeley* v. *Smith,* 3 M. & W. 236; *Gould* v. *Railroad Co.* 91 U. S. 526; *Gilman* v. *Rives,* 10 Pet. 298; *Smalley* v. *Eddy,* 19 Ill. 207; *Wilbur* v. *Gilman,* 21 Pick. 250; 6 Wait's Actions and Defences, 771, 775; *Vanlandingham* v. *Ryan,* 17 Ill. 26.

It is only where "the first appeal covers the merits of the controversy in all its bearings," that the matters become *res judicata.* *Walker* v. *Doane,* 108 Ill. 236; *Newberry* v. *Blatchford,* 106 id. 584; *Bentley* v. *O'Brian,* 111 id. 53; *Neff* v. *Smith,* 111 id. 101; *Smith* v. *Brittenham,* 98 id. 188; *Hanna* v. *Reed,* 102 id. 596.

The rule is, that *res judicata* and estoppel apply only to matters put in issue. Bigelow on Estoppel, 27; *Miller* v. *McManus,* 57 Ill. 158; *Eastman* v. *Cooper,* 15 Pick. 279; *Bender* v. *Shannon,* 3 Gray, 392; *Sawyer* v. *Woodbury,* 7 id. 502; *Arnold* v. *Arnold,* 17 Pick. 7; *Davis* v. *Spooner,* 7 id. 147.

Mr. H. R. Nortrup, and Mr. John W. Pitman, for the defendant in error:

Upon the issue of *nul tiel record,* in the absence of a bill of exceptions, it will be presumed the evidence sustained the finding of the court. *Dean* v. *German,* 44 Ill. 286; *Hough* v. *Baldwin,* 16 id. 293; *Trustees* v. *Leffler,* 23 id. 90; *Wooley* v. *Fry,* 30 id. 158; Rev. Stat. chap. 110, sec. 90.

The Appellate Court having jurisdiction of both person and subject matter, its judgment of affirmance, however erroneous, is conclusive, and can be avoided only by appeal or writ of error. *Weiner* v. *Heintz,* 17 Ill. 259; *Wimberly* v. *Hunt,* 33 id. 166; *Wight* v. *Wallbaum,* 39 id. 555; *Elston* v. *Chicago,* 40 id. 514; *Huls* v. *Buntin,* 47 id. 396.

Error determined on appeal will not be again considered on writ of error, (*Smith* v. *Wright,* 71 Ill. 167,) or on second appeal. *Hough* v. *Harvey,* 84 Ill. 308; *Johnson* v. *Von Kettler,* 84 id. 315; *Ward* v. *Johnson,* 5 Bradw. 30; *Ogle* v. *Turpin,*

8 id. 543; *Nispel* v. *Laparle,* 74 Ill. 306; Freeman on Judgments, secs. 249, 250, *et seq.;* 6 Wait's Actions and Defences, 768, sec. 3.

The judgment of the Appellate Court, on the appeal, embraced not only all that it did determine, but every other matter involved, and which might have been determined by it. *Rogers* v. *Higgins,* 57 Ill. 247; *Howell* v. *Goodrich,* 69 id. 556; *Kelly* v. *Donlin,* 70 id. 385; *Stockton* v. *Ford,* 1 Blackf. 360; 18 How. 418; *Danaher* v. *Prentiss,* 22 Wis. 316.

A rehearing was the only remedy for plaintiff in error,—the only way the court could affect the judgments pleaded. *Rising* v. *Carr,* 70 Ill. 596; *Hollister* v. *Abbott,* 11 Foster, 448.

Mr. Justice Scott delivered the opinion of the Court:

A writ of error was sued out from the Appellate Court for the Third District, to reverse a judgment which Maria Peterson had, at the November term, 1883, of the circuit court of Mason county, recovered against the Wabash, St. Louis and Pacific Railway Company. The writ was made returnable to the November term, 1884, of the Appellate Court. At that term of court defendant in error appeared and pleaded a plea in bar of the writ. After the formal beginning the plea continued: "On November 9, 1883, plaintiff in error prosecuted an appeal to this court from the identical judgment of the court below, mentioned in the proceedings in this case, and assigned on the record the same errors assigned in this case; and said appeal, upon the errors therein assigned, came on to be heard in this court at the May term, 1884, * * * and such proceedings were had on said appeal that on the 3d day of July, 1884, it was considered by this court that neither in said record and proceedings, nor in the rendition of said decision of the court below, was there any error, and that said judgment be affirmed notwithstanding the matters therein assigned for error, and that said appellee therein recover of

appellant therein, costs, as by the record in said appeal case
·will now appear, which said judgment of this court is in full
force, and not reversed.    All of which defendant is ready to
verify."    A demurrer interposed to this plea was by the court
overruled.    Afterwards plaintiff in error replied, first, *nul tiel
record;* and second, by four special replications, in which, in
substance, it was averred that the merits of the controversy
between the parties were not heard and determined by the
Appellate Court, on the appeal, on account of the misprision,
omission and default of the clerk of the circuit court, in this,
that in making up the transcript of the proceedings had in
the circuit court, to be submitted to the Appellate Court, such
clerk failed and omitted to transcribe the bill of exceptions,
which was a part of the record, into the transcript made, by
reason whereof the record of the proceedings now presented
to the court was not before the Appellate Court, and that
such court could not and did not, on such appeal, decide
upon and determine the errors herein assigned.

There was no error in the decision of the Appellate Court
in overruling the demurrer to the pleas filed by defendant in
error in that court.    Conceding the facts alleged in the plea
to be true, as the demurrer admits them to be, they constitute
a complete bar to the present suit.    Nor was there any error
in sustaining the demurrer to the four special replications.
The matters alleged can not be proved as an answer to the
plea of defendant in error.    It has often been decided by this
court, that whatever has been decided on one writ of error can
not be reëxamined on a subsequent writ of error brought on
the same record.    Other courts have declared the same doc-
trine.    (*Chaffin* v. *Taylor,* 116 U. S. 567.)    Conceding it to
be true, as alleged in the plea, the identical errors assigned
on the record in this suit were assigned on the same record
on a former appeal, and the judgment was then affirmed in
all things, notwithstanding the errors then assigned, it is
obvious that decision is *res judicata,* and the same errors can

not be reëxamined in this suit. It can not be shown by oral testimony the court did not determine the case on its merits, when it appears from the record of its judgment the court did so determine the case. It is but stating a doctrine well understood, that the record of a court can never be contradicted, varied or explained by evidence beyond or outside of the record itself. A contrary rule might be disastrous in its results. A record imports verity, and the rule is, it must be tried and construed by itself. (*Harris* v. *Lester*, 80 Ill. 307.) All that these replications contained that was proper to be proved on the trial, could be given in evidence under the replication of *nul tiel record.*

Issue having been joined on the replication of *nul tiel record,* the cause was submitted to the court for trial, and the court found the issue "for defendant in error, and that plaintiff in error be barred of its suit," and rendered final judgment against plaintiff in error for costs, and awarded execution for the collection of the same. Nothing appears in this record to show what evidence was introduced in the Appellate Court on the issue formed, and it will be presumed, in favor of the action of the court, the evidence that was introduced warranted it in finding the issues for defendant in error, as was done.

Indulging, as the rule is, every reasonable presumption in favor of the regularity of the proceedings in the Appellate Court, where nothing to the contrary appears, the judgment of that court will be affirmed.

*Judgment affirmed.*