Brumbach v. Flower.

## Albert J. Brumbach
### v.
## Samuel Flower.

| 20 | 219 |
| 51 | 236 |
| 20 | 219 |
| 93 | [1]354 |
| e93 | [1]355 |
| 20 | 219 |
| 195s | 348 |
| 195s | 349 |
| 20 | 219 |
| 114 | [1]256 |

1. Election of cause of action—Discontinuing action.—A vendor who brings an action of assumpsit, based upon a contract of sale, which action does not proceed to judgment but is discontinued, may then maintain an action on the case to recover damages for fraud and deceit on the part of the vendee, which induced the making of said contract of sale on the part of the vendor. The action of assumpsit having been discontinued, is no waiver of the tort.

2. Variance.—The variance in this case is one in mere phraseology, and will be disregarded.

Appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed October 27, 1886.

Mr. John B. Skinner, for appellant; that the mere bringing of a suit in assumpsit, by a creditor who has two concurrent remedies, the other being in tort for fraud, is not, of itself, sufficient to operate as an irrevocable election on the part of the creditor to waive the tort, cited Gibbs v. Jones, 46 Ill. 319; Bk. of Beloit v. Beale, 7 Bosw. (N. Y.), 611; 1 Chitty

on Pleading, 243 (7th Am. Ed.); Wright v. Ritterman, 4 Robertson (N. Y.), 704; Smith v. Scantling, 4 Blackford (Ind.), 443.

Messrs. Moses, Newman & Reed, for appellee; as to the consequences attaching to a creditor suing in assumpsit, cited Gray v. St. John, 35 Ill. 222.

In case of amendments, a party can not substitute a wholly different cause of action in place of the one which he attempted to set up in his original pleading: Supervisors v. Decker, 34 Wis. 378; Anderson v. Case, 28 Wis. 505; Pomeroy's Remedies, §§ 567-573.

McAllister, P. J. The appellant, Brumbach, Sept. 22, 1874, filed his affidavit for a *capias ad respondendum* against appellee, Flower, for fraud in the latter in buying a bill of goods of the former, amounting to $513.05, and also a declaration in assumpsit for goods sold and delivered. The *capias* was awarded and issued, on which the defendant was arrested and gave bail. Afterward, Nov. 29, 1884, said *capias* was, on motion of defendant, quashed by the court; and Dec. 20, 1884, on motion of plaintiff, the court gave him leave to amend by changing the form of action into *case* for fraud and deceit in the purchase of said goods, and to recover damages therefor, which was done; and to such amended declaration the defendant pleaded not guilty. To the order of the court granting such leave, no exception was preserved.

The cause was, by agreement, submitted to the court upon an agreed statement of facts. The court found the defendant not guilty, upon the sole ground that the plaintiff, by bringing an action of assumpsit based upon the contract of sale, thereby precluded himself by his own election, from afterward maintaining an action on the case to recover damages for fraud and deceit in the purchase of the goods.

Whether or not that ground is maintainable, is the principal question presented by this record. There is also a question of alleged variance between one allegation of the declaration and the proof, reserved by the agreed case.

Brumbach v. Flower.

Did the act of bringing the action of assumpsit based upon the contract of sale, and which did not proceed to judgment, but was discontinued, preclude the plaintiff from maintaining an action on the case to recover damages for fraud and deceit on the part of the buyer, which induced the making of said contract of sale on the part of the seller? We are clearly of opinion, upon both principle and authority, that it did not.

It is true that by bringing the action of assumpsit, the plaintiff elected to affirm the contract. That, probably, would preclude him from afterward maintaining trover or replevin for the goods, because either of those actions would be based upon the theory that he had elected to rescind the contract.

We regard the doctrine as fully supported by authority, that a party defrauded in a contract may affirm it in the most unequivocal way, and yet maintain an action to recover damages for the fraud, by which he was induced to enter into such contract. In Allaire v. Whitney, 1 Hill (N. Y.), 486, the court said: "When a man is drawn into a contract of sale or demise by fraud, a right of action attaches immediately, as much so as if trespass had been committed against him; and though he may affirm the transfer of interest and take the property, yet waiver is no more predicable of the cause of action than where a man receives a delivery of goods which had been tortiously taken from him. The vendor or lessor was a wrongdoer when he committed the fraud; and no act of the injured party, short of a release or satisfaction, will bar the action, though it may mitigate the amount of damages."

When this same case was again before the court, Whitney v. Allaire, 4 Denio, 554, the general doctrine was thus stated: "A party defrauded in a contract has his choice of remedies. He may stand to the bargain, even after he has discovered the fraud, and recover damages on account of it, or he may rescind the contract and recover back what he paid or sold." Morey v. Pierce, 14 Bradwell, 91, adopts the doctrine of those cases. 2 Kent (Holmes' Ed.), 480, note c; Story on Sales, § 447; Benj. on Sales (2d Am. Ed.), § 452, note a.

The plaintiff, by bringing his action of assumpsit, which did not proceed to judgment, stood by the bargain. The right to

do so was not inconsistent with his right to sue for the damages occasioned by the fraud and deceit of the defendant, whereby he was drawn into that bargain. If the action in assumpsit had gone to judgment, it would probably have been a bar to the action for the fraud. But having been discontinued, it was no waiver of the tort.

The declaration alleged the representation of the defendant to plaintiff to be: "That defendant wrote and sent to the plaintiff a letter, dated December 31, 1883, giving said statement as requested by plaintiff, and in said statement defendant r_epresented to plaintiff that the defendant had a stock of merchandise then on hand worth fifteen thousand dollars, and that his, defendant's, indebtedness was about one thousand dollars." A letter, bearing date as alleged, was offered in evidence, which contained these words: "My stock is just now worth $15,000, and owe $1,000; comes due about March 1st."

We think there was no substantial variance between the al'egation and proof. The statement was calculated to convey to plaintiff's mind the idea that $1,000 comprised substantially all his indebtedness. Such a variance in mere phraseology will be disregarded. Hawkins v. Appleby, 2 Sandford, 421.

The judgment of the court below will be reversed and the cause remanded.

Judgment reversed.