H. C. AGNEW ET AL.

v.

A. J. BRALL.

*Municipal Corporations—Settlement of Judgment—Estoppel—Injunction.*

Upon appeal from a decree enjoining the collection of a judgment in favor of a municipal corporation, this court declines to review its decision on a former appeal.

[Opinion filed July 14, 1887.]

In ERROR to the Circuit Court of McDonough County; the Hon. C. J. SCHOFIELD, Judge, presiding.

Messrs. GEORGE D. TUNNICLIFF, L. Y. SHERMAN and H. C. AGNEW, for plaintiffs in error.

Messrs. NEECE & BLAZER, for defendant in error.

CONGER, P. J. This case was before this court, and is reported in 15 Ill. App. 122. The case was reversed and remanded, and the decree of the Circuit Court having been rendered in conformity with the views of this court, it is again brought here for review.

It is insisted by appellants that they "have been very careful in drawing the amended answer and making the proofs upon the subject of "appeal," "settlement," and "proposition" of defendant in error to the Council, in order to remove entirely from this case the finding or statements of this court upon these subjects when the case was here before.

We think, however, it is substantially the same case now, as then. Both the original and amended answers set forth and rely upon the petition for relief presented by appellee to the Council, and the action of the Council thereon. The original answer, as well as the amended one, states that the order of the Council was not made for the purpose of settling any matter with appellee in reference to the suit, nor to prevent an

Agnew v. Brall.

appeal, but that the only object the Council had in view in passing the order in question, was for the purpose of releasing appellee as a favor to appellee and as an act of clemency on the part of the Council.

The additional averments of the amended answer and the testimony of the members of the Council as to their motives in passing the order in question does not change the substantial features of the case.

Were we to enter into a consideration of the points in issue, it would be no more than a review of the former decision of this court, and this we can not do. They are in this court, *res judicata*. Moshier v. Norton, 100 Ill. 63; Ogle v. Turpin, 8 Ill. App. 453; Keiser v. Cox, 16 Ill. App. 631. The decree of the Circuit Court will be affirmed.

*Decree affirmed.*