SAMUEL FLOWER

v.

ALBERT J. BRUMBACH.

*Sales—False Representations—Letters—Evidence—Undisclosed Intention—Former Adjudication.*

1.   The rule that writings are not to be varied by parol evidence, though such evidence is competent to show the circumstances under which they were made, is especially applicable to letters upon which the receiver is to act.

2.   Where one makes material representations, by him known to be false, he can not excuse himself by saying that he meant no harm.

3.   Upon a second appeal to this court, the matters decided on the first appeal are not open to review.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. MOSES & NEWMAN, for appellant.

Mr. JOHN B. SKINNER, for appellee.

GARY, J.   This case is here for the second time.   In 20 Ill. App. 219 it is reported, the parties being reversed.   The questions then decided are not here open to review.   The authorities for this rule up to the time that Ogle v. Turpin, 8 Ill. App. 453, was decided, are very fully cited by Bailey, J., in that case.   Since then other cases to the same effect have followed.   Cable v. Ellis, 120 Ill. 136 ; Mfg. Co. v. Wire F. Co., 119 Ill. 30; W., St. L. & P. v. Peterson, 115 Ill. 597.

Flower v. Brumbach.

If the principal question decided when the case was here before were now to be decided I should not take any part, as the action of the Superior Court changing the form of the action involved in it, was before me. The case is this:

Before December 28, 1883, appellant gave to appellee's agent an order for goods to the amount of $513.05. The appellee thereupon wrote from Reading, Pa., to the appellant in Chicago, under date of December 28, 1883, as follows :

" Mr. Samuel Flower :    I received an order from Mr. Feist for you, and I must say, for all I know of your standing, I think the order is rather large.    I have sold you but small bills before this, and your payments have been very prompt.    If you will be kind enough to make me a statement, if satisfactory, will send the goods ;   but I must know something about your ability to pay.    Please do not think it hard of me for being on my guard, as I have lost considerable money of late and must be more careful how I grant credit. Please let me hear from you.    Yours respectfully,

" A. J. Brumbach."

To which, December 31, 1883, the appellant replied :

" Mr. A. J. Brumbach :    Your letter of the 28th inst. at hand, and, in reply, will say that I am surprised to hear you ask me for a statement after dealing with you for the past few years. Although not having bought much in your line, and not being so exact in paying, I must let you know that I have not manufactured much, in fact, none at all.    Have bought everything ready made and made a nice few dollars, enough to give me a good start in going into manufacturing ;   I intend taking another store next door to me, break through, and have a double store to give me plenty of room to cut and make up everything in the way of clothing myself.    For instance, last year I sold $35,000.    Next year I expect to sell more.    The savings is twenty-five per cent. in getting up the goods yourself, as I have looked the matter thoroughly through and I am satisfied that if I sell only $40,000, it will be a net saving of $10,000 on manufacturing alone.    As for reference, I could refer you to a good many of the large houses, but they are too many to mention, so I will just refer to one, Fleischer

Brothers, in Philadelphia. I bought $2,000, discounted ten days. Also other large houses in the city. My stock is just now worth $15,000, and we owe $1,000; comes due about March 1st. So, Mr. Brumbach, if everything is satisfactory, send the goods at once. Yours respectfully,

"SAMUEL FLOWER,
"35 West Madison St."

The appellee sent the goods to the appellant, relying wholly upon the statement in the appellant's letter. The goods were not paid for, and there was evidence that at the time appellant wrote he was indebted to his mother and mother-in-law several thousand dollars for borrowed money, for which judgments by confession were entered before this suit was commenced, under which judgments and others his assets were all swept away.

Upon the last trial, when the appellant was on the stand as witness, his counsel asked him: "In your letter you state, 'I bought $2,000, discount ten days; also other large houses in the city. My stock is now worth $15,000, and owe about $1,000; comes due about March 1st.' Now, in and about writing the phrase in this letter, 'about $1,000; comes due about March 1st,' what indebtedness did you have reference to?" and made the following offer:

"I offer to show by the witness that in writing in said letter 'I owe about $1,000; comes due about March 1st,' the witness had reference to his merchandise indebtedness and not to his money indebtedness; that he believed from the letter written to him by the plaintiff that he was not called upon to make a full and complete statement of his affairs, and therefore did not think it necessary to state in the letter the amount of his money indebtedness, because that was not then pressing him, and it did not hinder his ability to pay for his merchandise."

His counsel also asked the following question: "Did you, in writing this letter, have in your mind an intention to mislead Brumbach?"

Objection being made by appellee, and sustained by the court, to these questions, the present inquiry is, if that was, error.

It is undoubtedly true that if the appellant's intent in writing a letter could be the subject of parol evidence, he would be a competent witness to prove it. Miner v. Phillips, 42 Ill. 123; Wait, Fraud. Con., Secs. 205, 206; Stearns v. Gosselin, 58 Vt. 38.

The rule that writings are not to be varied by parol evidence, though such evidence is competent to show the circumstances under which they were made, so that the construction shall be what the parties intended, is too familiar to require the citation of text-books or cases, but its application to letters is so emphatic in Brant v. Gallup, 111 Ill. 487, that it is well to refer to the case. The rule applies with greater force to letters upon which the receiver is to act. If one makes representations, material, and by him known to be false, he can not excuse himself by saying he meant no harm. McBean v. Fox, 1 Ill. App. 177; Case v. Ayres, 65 Ill. 142.

The appellant might have told, as a witness, the whole story of his pecuniary condition. Not going into details was an implied admission that the testimony against him upon that subject was true, and the natural inferences therefrom just. There is no error in the record.

*Judgment affirmed.*