## Harms v. Stier.

1. REMEDIES—*Election Among Alternative Remedies.*—Election among alternative, or as they are usually called, concurrent remedies, which once made is irrevocable, has place under a great variety of circumstances. The most frequent in practice is where a party having a right to rescind a contract, and having knowledge of the facts which give him the right to rescind, brings an action upon the contract, thereby ratifying it. He can not thereafter rescind.

2. REMEDIES—*Irrevocable Election.*—Another class of cases of irrevocable election is where a party has obtained property the possession of which is the subject of controversy, by legal proceedings. In such case he must find his remedy by an adjudication in those proceedings, and can not thereafter resort to some alternative remedy.

3. REMEDIES—*Election Among Inconsistent.*—Where there exists an election between inconsistent remedies, a party is confined to the remedy which he first adopts. When remedies are not concurrent, a choice between them once made, the right to follow the other is gone.

4. REMEDIES—*Election Among—The General Rule.*—Where the owner of personal property has been deprived of it by the wrongful acts of a stranger, amounting to a conversion of it, two courses are open to him. He may sue in conversion, to recover the value of the property, or in replevin, to recover the property itself, and damages for its withholding. But he can not simultaneously pursue both remedies. To allow him so to do would be to enable him to recover both the property and its value.

5. CONCURRENT REMEDIES—*Trespass and Replevin.*—For the taking of personal property the owner had his election to sue in replevin, or in trespass, for his property in species in the one, or damages in the other. But having got his property in replevin, his cause of action in trespass is gone.

6. REMEDIES—*Personal Action Suspended.*—A personal action once suspended by the act of the party, is forever gone.

**Memorandum.**—Trespass to personal property. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1893, and reversed. Opinion filed January 11, 1894. Opinion on rehearing filed April 9, 1894.

The statement of facts is contained in the opinion of the court.

ELBERT H. GARY, attorney for appellant.

H. S. MECARTNEY, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued and recovered in trespass for taking his horses. He had, before this suit, replevied the horses, but that suit was dismissed on motion of this appellant for want of a declaration. The appellee put into this case the evidence of the replevin suit.

The appellee had his election to sue in replevin, or in trespass, for his horses in the one, or damages in the other; and having got his horses in the replevin suit his cause of action in trespass was gone. 6 Am. & Eng. Ency. of Law, 350.

And the appellee having himself put in the evidence, any plea by the appellant setting up the defense was unnecessary. Savage v. French, 13 Ill. App. 17.

It does not alter the case if the appellant did (a matter disputed) regain the horses on a *retorno habendo.* The replevin

suit suspended all other remedy. "A personal action once suspended by the act of the party, is gone forever." Wankford v. Wankford, Salk. 392; Lord North v. Butts, Dyer, 139 b.

Contrary to this view of the law the court instructed the jury that, "If, from the other evidence, you shall find the defendant guilty, then the court instructs you that the fact that plaintiff brought his action of replevin and obtained the horses on the writ, and that afterward said replevin suit was dismissed and a writ of *retorno habendo* ordered and issued in said cause and said horses taken from the plaintiff on said writ of *retorno habendo*, is not a bar to this action."

It is unnecessary to notice any other question in the case. It is not in our province to advise the appellee whether he has any, and if any, what remedy.

The judgment is reversed, and a finding of facts as a reason for not remanding will be entered here.

MR. JUSTICE GARY, OPINION ON REHEARING.

Election among alternative, or as they are usually called, concurrent remedies, which once made, is irrevocable, has place under a great variety of circumstances.

The most frequent in practice is where a party having a right to rescind a contract, and having knowledge of the facts which give him the right to rescind, brings an action upon the contract, thereby ratifying it, he can not thereafter rescind, and *vice versa*.

In Flower v. Brumbach, 131 Ill. 646, same case with title reversed, 20 Ill. App. 219, this doctrine is recognized, but the case held not to be within it, as both the pending and the former action were upon the hypothesis that Brumbach had sold and delivered goods to Flower, which by the sale became and remained the property of Flower.

In Gibbs v. Jones, 46 Ill. 319, both actions were upon the hypothesis that the defendant never acquired any right to the mules in controversy; and both actions were for compensation.

But another class of cases of irrevocable election is where by aid of proceedings at law the party has obtained the prop-

erty which is the subject of controversy—taken it into his own custody—and in such case he must find his remedy by an adjudication in those proceedings, and can not thereafter resort to some alternative remedy.

Such a case is Rodermund v. Clark, 46 N. Y. 354. There Clark and Ward were each half-owners of a sloop, of which Ward was in possession as captain. Clark sold the whole sloop, and his vendee, by an action in New York, equivalent to our action of replevin, took the sloop from Ward, and Ward, by a statutory proceeding in the same action, regained possession *pendente lite*. It was held that his remedy was to persist in his defense to that action, and that he could not thereafter—although the sloop was again taken from him by the vendee, by proceedings in admiralty—sue Clark for a conversion of Ward's half of the sloop by selling the whole.

Howeth v. Mills, 19 Texas, 295, is exactly parallel to this case. An execution in favor of Mills and against Walton was levied upon goods claimed by Howeth; as in this case a distress warrant against the brother of Stier was executed by taking the horses which he claims.

Howeth, by a proceeding under the statute of Texas—giving a bond to try the right of property—took the goods from the possession of the sheriff, as Stier here, by replevin, took the horses from the possession of the constable who executed the distress warrant.

The court said Howeth "had elected his remedy and must abide by it," and therefore could not maintain an action against the plaintiff in the execution for damages for the trespass in causing the levy.

I do not cite Morris v. Rexford, 18 N. Y. 552, as authority in this case, as, though the plaintiff there first brought replevin, yet the real election there was to rescind or affirm a sale; not between remedies.

"Where there exists an election between inconsistent remedies, the party is confined to the remedy which he first prefers and adopts. * * * The remedies are not concurrent, and where the choice between them is once made,

the right to follow the other is forever gone." Boots v. Ferguson, 46 Hun, 129.

To take the horses on replevin and be paid for them in trespass, are not concurrent, but inconsistent, remedies.

In Maumann v. Jefferson, 23 N. Y. Sup. 685, is a list of many cases as authority for the position that "Where the owner of personal property has been deprived of it by the wrongful acts of a stranger, amounting to a conversion of it, two courses are open to him:

" He may sue in conversion, to recover the value of the property, or in replevin, to recover the property itself, and damages for its witholding. But he can not simultaneously pursue both remedies, for to allow him so to do would be to enable him to recover both the property and its value.

" Accordingly it has been held in such cases, as in all others where two or more inconsistent remedies are open to an aggrieved party, that by commencing an action upon one, he makes his election to surrender the others."

In Hartland v. Hackett, 57 Vt. 92, though the counsel there, as here, had not touched the question of election of remedies, but only whether the other suit had resulted in satisfaction, the court declined to consider that point, and decided the case upon the doctrine that " when a person has two or more remedies for the same wrong, his election and actual prosecution of one is a bar to the others." And see Dyckman v. Sevatson, 39 Minn. 132.

Whether we would hold that the mere commencing an action of replevin in which nothing further was done, was an election which barred trespass for the same taking, is not now a question. It is common sense that when the writ of replevin has been executed and the property delivered to the owner, he can not, while he has it under process of law, maintain trespass; and if his right to maintain trespass is suspended, it is gone, as said in the original opinion on the authority there cited, to which we add Ford v. Beach, 11 Ad. & El. N. S., 63, E. C. L., 852-867.

Or, using the phrase of Comyn's Digest, "if a man once determines his election it shall be determined forever;"

quoted in Moller v. Tuska, 87 N. Y. 166. But it may well be questioned whether his election is determined where there is no question of ratification or rescission until he has done something that affects somebody. Judgment reversed.