Rissing *et al. v.* The City of Fort Wayne.

Filed April 27, 1894.

---

No. 17,019.

RISSING ET AL. *v.* THE CITY OF FORT WAYNE.

HIGHWAY.—*Streets and Alleys.*—*Widening.*—*Appeal.*—*Dismissal of.*— An appeal from proceedings to widen a street must be taken within thirty days after the confirmation of the report of the city commissioners by the common council; and where the notice given by the city treasurer "of the assessment, the date of filing, and the amount assessed," and stating that the report was filed November 10, 1891,

Rissing *et al. v.* The City of Fort Wayne.

and accepted by the common council November 14, 1891, when in fact the report was approved November 10, 1891, an appeal taken December 14, 1891, was not taken in the prescribed time, and was properly dismissed.

SAME.—*Same.—Appeal.—Estoppel.—City.*—The city treasurer, in stating in such notice the time when the common council approved the report, exceeded his duty, and the officer and the act both being public, and the notice being simply to require the land-owners affected by the proceedings to pay their assessments, the city is not estopped from showing that the appeal came too late.

SAME.—*Same.—Appeal.—Estoppel.*—The fact that the city authorities furnished appellants with a transcript of the record for appeal, does not estop the city from showing that the appeal came too late.

SAME.—*Same.—Notice.—Jurisdiction.*—Where the land-owners affected by such proceeding were notified of the time, place, and purpose of the meeting of the city commissioners, they were within the jurisdiction of the city authorities, and are charged with knowledge of every act done up to the confirmation of the report of the commissioners.

From the Allen Superior Court.

*W. G. Colerick,* for appellant.

*W. H. Shambaugh,* for appellee.

HOWARD, C. J.—This was an appeal to the court below from the decision of the common council of the city of Fort Wayne, approving a report of the city commissioners on the opening and widening of High street in said city.

The report of the city commissioners was approved by the common council on November 10, 1891, and the appeal was taken December 14, 1891.

The appellee moved the court to dismiss the appeal on the ground that it had not been taken within the thirty days prescribed by the statute (section 3643, R. S. 1894; section 3180, R. S. 1881.)

The court, on hearing affidavits filed by both parties, sustained appellees' motion and dismissed the appeal. This ruling is the only error assigned.

By section 3638, R. S. 1894, on the confirmation of

the final report of the city commissioners by the common council, it is made the duty of the city clerk to deliver a certified copy of the report to the city treasurer; and, by section 3640, R. S. 1894, it is made the duty of the treasurer, within ten days after the receipt of the report, to notify the resident owners of the lands assessed "of the assessment, the date of filing, and the amount assessed."

The following form of notice was given appellants by the city treasurer:

"You are hereby notified that according to a report of the city commissioners, in relation to the opening and widening of High street, by taking seven feet off lots and lands on the south side of said street, filed in the office of the clerk of the city of Fort Wayne, on the 10th day of November, 1891, was accepted by the common council of said city on the 14th day of November, 1891. Benefits have been assessed to you as follows, viz.: On lot No. 4, Pope's sub. Hanna's O. L. 13 addition, $15. Payment of the same is hereby demanded, and if not paid within three months from date I shall proceed to sell said lots according to law."

The appellants claim that, according to this notice, their appeal, taken December 14th, 1891, was in time, and that the city is estopped from denying that the report of the city commissioners was confirmed by the council on November 14th, 1891. The appellee, on the other hand, contends that the city is not estopped from showing the true day on which said report was confirmed, to wit: the 10th day of November, 1891, and that, therefore, the appeal, taken on the 14th day of December, 1891, was too late.

There is not much doubt that if the appellants had appeared before the common council on the evening when the report of the city commissioner was filed, for the purpose of remonstrating against the confirmation of the re-

port, and appellants were then and there informed by the council that the report would not be taken up for approval until a subsequent meeting, and if, after the departure of the appellants from the council chamber, the council had secretly confirmed the report, and the appellants were thus prevented from appealing in time, there would, in such case, have been good cause to raise the plea of estoppel against the city. And we are of opinion that the cases relied upon by appellants will be found to be of this character. Such cases are *Breitweiser* v. *Fuhrman*, 88 Ind. 28; *Munson* v. *Blake*, 101 Ind. 78; *Brall* v. *Agnew*, 15 Ill. App. 122; *Denton* v. *Thompson*, 136 Ind. 446.

It may also be that a municipal corporation will be estopped by the action of its proper officers when the corporation is acting in its private, as contradistinguished from its governmental capacity, and has lawful power to do the act. *City of Chicago* v. *Sexton*, 115 Ill. 230.

But we have here no such case. In the case at bar the common council, in its action upon the report of the city commissioners, in no way deceived or misled the appellants. Neither was the city here acting in its private capacity, as in making a simple business contract, but was in the exercise of its governmental power, as prescribed by statute, for the opening of public streets. In such a case the action of the city treasurer complained of, being outside his duties and powers, as fixed by law, could not estop the city; for, as has been expressly held by this court, "it is a fundamental principle that a governmental corporation is not estopped by the act of an officer in cases where the act is beyond the scope of his authority." *Union School Tp.* v. *First Nat'l Bank,* 102 Ind. 464.

The statute fixes, in detail, the different steps that must be taken by petitioners, common council, city com-

missioners, and remonstrants, in the laying out of streets and alleys. In these proceedings the city speaks by its record. By the notice given appellants, advising them of the time, place, and purpose of the meeting of the city commissioners, the appellants were never out of the jurisdiction of the city authorities, and were charged with knowledge of every act done up to the moment of confirmation of the report of the commissioners.

But the notice afterwards given appellants by the city treasurer was only to require them to come in and pay their assessments.

The statute, section 3640, R. S. 1894 (section 3177, R. S. 1881), directs the treasurer to notify the property-owners that the city clerk has filed in the treasurer's office a certified copy of the report of the commissioners, and of the amount assessed against the respective owners. If the treasurer put less than this into his notice, he failed, in so far, of his duty; if he put more into the notice, he, in so far, exceeded his duty. But whatever notice he gave was given simply and purely to collect assessments, and had nothing whatever to do with the city's proceedings for the opening of the street, or with any appeal that might be taken from such proceedings. Appellants were bound to know what powers could be lawfully exercised by the treasurer in giving such notice; the statutes prescribing his duties were open for their inspection. The statement in the notice as to the date of confirmation of the report, if, indeed, such statement is made in the poorly worded form of notice set out in the record, was wholly unauthorized; and it would be intolerable that the hands of the city should be tied by such an inadvertent act of an officer whose duties had no relation to the opening of the street, but only to the collection of the assessments.

What was said in this connection, in the case of *Platter*

v. *Board, etc.*, 103 Ind. 360, is quite applicable to this case:

"The appellant can not successfully build upon the doctrine of estoppel. For this conclusion there are at least two satisfactory reasons: *First.* He dealt with public officers with limited, naked statutory powers; he was bound, at his peril, to ascertain the scope of their authority, and can not found any claim upon acts done by those officers in excess of their statutory authority. This general rule is thus stated by the Supreme Court of the United States: 'Individuals, as well as courts, must take notice of the extent of authority conferred by law upon a person acting in an official capacity.' The rule is well established by our own decisions. *Union School Tp.* v. *First Nat'l Bank*, 102 Ind. 464; *Reeve School Tp.* v. *Dodson*, 98 Ind. 497; *Axt* v. *Jackson School Tp.*, 90 Ind. 101; *Pine Civil Tp.* v. *Huber, etc., Co.*, 83 Ind. 121. * * * There is a well defined distinction between public and private corporations, and the general doctrine of estoppel does not apply to the former class of corporations. *Union School Tp.* v. *First Nat'l Bank, supra; Cummins* v. *City of Seymour*, 79 Ind. 491; *Driftwood, etc., Turnpike Co.* v. *Board, etc.*, 72 Ind. 226.''

See, also, *Baumgartner* v. *Hasty*, 100 Ind. 575; *Strosser* v. *City of Fort Wayne*, 100 Ind. 443; *City of Valparaiso* v. *Gardner*, 97 Ind. 1; *Summers* v. *Board, etc.*, 103 Ind. 262; *Bloomington School Tp., etc.*, v. *Nat'l School Furnishing Co.*, 107 Ind. 43.

What has been said applies also to the alleged action of the city clerk and other officers in furnishing appellants with a transcript of the record for their appeal. Such action by the city officers could not estop the city from showing that the appeal came too late.

The judgment of the superior court in dismissing the appeal from the action of the city council, is affirmed.

Filed April 25, 1894.