## Joseph Penn v. Mary Ann Schmisseur.

1.  EASEMENTS—*Are Incumbrances.*—A right of way appurtenant over lands conveyed is an incumbrance, and is not included in the term "highway" as used in section 9 of the conveyance act.  (Hurd's Statute 1897, 392.)

2.  INCUMBRANCES—*Breach of the Covenant.*—The implied covenant existing in the deed by reason of the statute is broken by the existence in a private person of a right of way over the premises conveyed at the time of the delivery of the deed to the grantee.

3.  EQUITY PRACTICE—*Damages for Breaches of Covenant May be Set Off in Foreclosure Suits.*—Damages resulting from the existence of an easement which occasions a breach of the covenant in a warranty deed may be set up in answer to a bill to foreclose a mortgage given to secure the purchase price.

4.  APPELLATE COURT PRACTICE—*Questions Decided on a Former Appeal.*—Questions once passed upon, will not be considered in a second appeal of the same case.  The only errors that can be assigned are those which have arisen since the former adjudication of the case.

5.  SAME—*Questions Adjudicated in a Former Suit.*—Where some specific fact or question has been adjudicated and determined in a former suit, and the same is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not.

**Bill of Foreclosure.**—Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding.  Heard in this court at the February term, 1898.  Affirmed.  Opinion filed August 31, 1898.

### STATEMENT.

The bill for foreclosure in this case recites, that defendant on the 14th of February, 1895, became indebted to complainant in the sum of $11,000 payable two years after date, with interest at six per cent.  That to secure the same,

defendant executed a mortgage upon certain lands owned by defendant. That there is due and unpaid of said amount the sum of $500 with interest, and prays a foreclosure of the mortgage to collect the amount unpaid. The answer admits making the mortgage and notes. Sets up that complainant sold the land in the mortgage to defendant, and conveyed by warranty deed with covenants of title. That subsequently one Clarissa Needles claimed a right of way through said lands. That at the September term, A. D. 1897, of the St. Clair Circuit Court, Clarissa Needles recovered a judgment against defendant, and a decree was rendered by which said Needles was adjudged to have a right of way over said lands so deeded by complainant, and that said Needles evicted defendant of said right of way. That the consideration of said mortgage has therefore failed, and that defendant has been damaged by reason of said eviction more than $1,000. Denies relief and asks that the bill be dismissed.

The decree found the making of the warranty deed and mortgage, and the amount due on the mortgage $722.82. That the land was incumbered by an easement, namely, a private right of way to the land of Clarissa Needles across the land conveyed by complainant to defendant, and that the same constituted a breach of complainant's covenant. That the easement damaged defendant in the sum of $800. That this sum should be set off against the amount due complainant on the notes, and that being in excess of the amount due, that the notes and mortgages have been fully paid and discharged, and dismissed the bill at complainant's costs.

EDWARD L. THOMAS, attorney for plaintiff in error.

ROPIEQUET, PERRIN & BAKER, attorneys for defendant in error.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This case has been before the court, and is reported as

Schmisseur v. Penn, 47 Ill. App. 279. After a full review of the facts and authorities, the court say: "The ease-ment was an incumbrance, and her right of way appurte-nant is not included in the term highway as used in Sec. 10 of the conveyance act, and that incumbrance existing at the time of the delivery of the deed to the defendant by the complainant, the implied covenant existing in that deed by reason of the statute was broken on the delivery of the deed. See Wadham v. Swan, 109 Ill. 46; Christy v. Ogle's Execu-tors, 33 Ill. 295. And that defense may be set up in answer to a bill to foreclose a mortgage given to secure the purchase price. See Patterson v. Sweet, Adm'r, 3 Ill. App. 550; Coff-man v. Scoville, 86 Ill. 300; Tenney v. Hemenway, 53 Ill. 97. The evidence showing that the defendant was damaged by reason of the existence of the right of way, the extent of the damage should have been set off against the amount of the notes, and that not being done the decree must be reversed and the cause remanded."

Under this decision the case being remanded, there was nothing for the court below to do but to ascertain the amount of damages, and set it off against the amount due on the notes. All other issues were decided. This being so, the introduction of the decree to prove the easement and breach of the covenant of warranty amounted to nothing. Such proof in the retrial of the case was immaterial. The case was not remanded to try this issue. It follows from this, that there was no error of substance in admitting the decree declaring the easement, although plaintiff in error was not a party to the case in which it was declared.

Questions once passed upon will not be considered in a second appeal of the same case. W., St. L. & P. v. Peterson, 115 Ill. 597; Smyth v. Neff, 123 Ill. 310; Flower v. Brum-bach, 30 Ill. App. 294; Ogle v. Turpin, 8 Ill. App. 453; Cent. Warehouse Co. v. Sargeant, 40 Ill. App. 438.

"Where some specific fact or question has been adjudi-cated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if

properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. Reynolds v. Mandel, 73 Ill. App. 381.

"The only errors that can be assigned are those that may have arisen since the former adjudication of the case." Mfg. Co. v. Wire F. Co., 119 Ill. 31.

As there is no exception taken to the amount of damage, and as all other issues were settled by this court at the former hearing of this case as reported in Schmisseur v. Penn, *supra*, there is nothing now before this court for review. Decree and judgment affirmed.