## Anderson E. Martin, et al., v. George Todd, et al.
### Gen. No. 12,152.

The decision in this case on the merits is controlled by the decision in W., St. L. & P. Ry. Co. v. Peterson, 115 Ill. 597.

1. APPELLATE COURT—*how record of, cannot be affected.* The record of the Appellate Court cannot be contradicted, varied or explained by evidence beyond or outside thereof.

Bill in chancery. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Final judgment on demurrer for defendant in error. Opinion filed June 20, 1905.

HENRY D. BEAM and WALTER G. FRENCH, for plaintiffs in error.

JAMES J. BARBOUR and FURBER WAKELEE, for defendants in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is a writ of error sued out by the plaintiffs in error against George Todd and Wabash Shoe Company, defendants in error, to reverse a decree of the Superior Court rendered May 7, 1902, in favor of defendant in error Todd against plaintiffs in error in a chancery cause wherein defendant in error Todd was complainant and the plaintiffs in error and defendant in error Wabash Shoe Company were defendants. The writ was made returnable to the present term of this court and the defendants in error appeared and pleaded a plea in bar of the writ. The plea alleges that the plaintiffs in error prosecuted an appeal to this court from the identical decree of the Superior Court mentioned in the proceedings in this case and assigned on the record the same error assigned in this case; that such proceedings were had on said appeal that on October 26, 1903, it was considered by this court that neither in said record and proceedings nor in the rendition of said decree was there any error, and that said decree be affirmed notwithstanding the matters therein assigned for error, and that defendants in error re-

Martin v. Todd.

cover of plaintiffs in error their costs; that a petition for a rehearing of said cause was filed by said plaintiffs in error and denied; that said plaintiffs in error prosecuted from the judgment of this court on appeal to the Supreme Court and that the Supreme Court June 23, 1904, rendered a judgment that in said record there was no error and that the said judgment of this court be affirmed in all things, notwithstanding, etc., and that said judgment of this court and of the Supreme Court remain in full force, etc. To this plea the plaintiffs in error demurred and their demurrer was overruled. A replication was then filed in which it was averred that neither in the judgment of this court nor in the order denying a petition for a rehearing, nor in said former proceedings of this court pleaded in said plea did this court consider, decide or adjudicate upon the merits of said cause or of said appeal, nor did the Supreme Court in or by the said judgment pleaded in said plea, consider, decide or adjudicate upon the merits of said cause or of said appeal. To the replication the defendants in error have demurred.

Plaintiffs in error also present and ask leave to file three additional replications. Omitting the formal part, the first of these replications avers that the record upon which the judgments of affirmance were rendered in this court and in the Supreme Court was not the same record but other and different from the record in this case. The second avers that the record on said former appeal was insufficient and incomplete and that by reason thereof neither this court nor the Supreme Court did consider or adjudicate upon the merits of said cause or of said appeal. The third denies that the record on said former appeal was the same record as that upon which this writ of error is sued out.

In W., St. L. & P. Ry. Co. v. Peterson, 115 Ill., 597, the plea of the defendant in error in the Appellate Court was in substance the same as the plea in this case, and a demurrer to the plea was overruled. Plaintiffs in error then filed four special replications in which it was averred, in substance, that the merits of the controversy between the parties were not heard and determined by the Appellate Court on the

former appeal, because through the fault of the clerk in making up the transcript of the record of the Circuit Court, to be submitted to the Appellate Court, the bill of exceptions which was a part of the record of the cause in the Circuit Court was not transcribed and made a part of the transcript of the record filed on the former appeal in the Appellate Court, by reason whereof the record presented to the court on said writ of error was not before that court on the former appeal, and therefore said court could not and did not on such appeal decide upon and determine the errors assigned on said writ of error. The Appellate Court sustained a demurrer to said replication. Final judgment was rendered against the plaintiff in error in the Appellate Court and the judgment of that court was affirmed by the Supreme Court. In the opinion Mr. Justice Scott said (p. 601): "There was no error in the decision of the Appellate Court in overruling the demurrer to the plea filed by the defendant in error in that court. Conceding the facts alleged in the plea to be true, they constitute a complete bar to the present suit. Nor was there any error in sustaining the demurrer to the four special replications. The matters alleged cannot be proved as an answer to the plea of the defendant in error."

The decision in the case just cited must control the decision in this case.

The demurrer to the replication will be sustained and leave to file the additional replications will be denied.

The judgment of this court upon the former appeal was that the decree which we are now asked to review be affirmed. That judgment has been affirmed by the Supreme Court. The sole ground stated by counsel for plaintiffs in error in argument upon which we are asked to re-examine that decree is that upon the former appeal the court held that the original master's report of the evidence taken by him was not a part of the transcript of the record of the cause then presented to the court for review. But the record of this court cannot be contradicted, varied or explained by evidence beyond or outside of the record. W., St. L. & P. Ry. Co. v. Peterson, *supra*.

We are unable to see in the suggestions of counsel for plaintiffs in error any fact which can be pleaded as an answer to the plea, and final judgment will therefore be rendered on the demurrer.

*Final judgment on demurrer for the defendants in error.*