Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Leake, Henry & Young and Hawkins Golden, all of Dallas, for appellee.

BOND, Justice.

Appellee brought this suit in a district court of Dallas county on two written contracts, entered into by Grissom-Robertson Stores, Inc., evidencing a leasing for a term of years of electric signs, and alleged that appellant assumed payment of obligations and covenants therein, and, as a result, became liable to pay to appellee $1,101.99, in Dallas county. In due time, appellant filed, in statutory form, a plea of privilege, asking that the suit be transferred to Reeves county, appellant's domicile; and subject to the plea, also filed its answer, joining issue with appellee on the merits of the case; thereupon, appellee filed its controverting affidavit, alleging that appellant agreed to pay the obligations sued on in Dallas county. By agreement of the parties the hearing on the plea and the merits were had together, and all evidence offered upon the trial considered, without prejudice to appellant's plea of privilege.

The suit, under the agreement, was tried to the court without a jury, judgment rendered overruling the plea of privilege, and for appellee for the amount sued on. Appeal is perfected, both as to the action of the trial court, in overruling the plea of privilege and entering judgment on the merits of the suit. The only point in issue on the plea of privilege is whether appellant assumed the obligations sued on by its contract of purchase with Grissom-Robertson Stores, Inc.,

## PECOS MERCANTILE CO. v. TEXLITE, Inc.

No. 11339.

Court of Civil Appeals of Texas. Dallas.

Oct. 21, 1933.

Rehearing Denied Nov. 25, 1933.

basing the contention on a bulk sales letter, by appellant, and its legal effect upon the obligations.

The undisputed evidence shows that appellant's domicile is in Reeves county, and there is no exception to' exclusive venue in that county, unless it be determined from the effect of the letter or bulk sales notice sent out by appellant to all creditors of Grissom-Robertson Stores, Inc., .one of which was sent to and received by appellant. The pertinent portion of the letter reads:

"The undersigned has purchased from Grissom-Robertson Stores, Inc., its Carter-Houston stores at Lubbock, Texas, and Plainview, Texas, together with furniture, fixtures, equipment, merchandise, accounts and notes receivable belonging thereto for the consideration 'of Five Thousand Dollars ($5,000.00) in cash, and the assumption by it of certain merchandise and bank indebtedness of Grissom-Robertson Stores, Inc., amounting to $160,000.00, and the assumption by it of the contracts the Lubbock and Plainview stores have with Butterick Publishing Company and Pictorial Review Company. It also assumes all current obligations of the Carter-Houston stores at Plainview and Lubbock, Texas. This notice is sent you by registered mail in compliance with the terms of the Bulk Sales Law of Texas."

The contention of appellee is that the assumption of "all current obligations" of the Carter-Houston stores at Plainview and Lubbock, mentioned in said letter, includes the obligations sued on; that its contract embodies current obligations, under a liberal construction of its terms, and that appellant is bound to perform the obligations of the defaulting debtor, in Dallas county, and, if the letter is not an assumption, the representations made therein were such as to amount to actionable fraud perpetrated by appellant on appellee in Dallas county, calculated and designed to defeat appellee's rights and privileges as a creditor of Grissom-Robertson Stores, Inc., guaranteed it under the Bulk Sales Law of Texas (Vernon's Ann. Civ. St. arts. 4001–4003), and acted upon by appellee to its hurt; thus, conferring venue in the county where the obligations were made payable and the fraud perpetrated.

■■■ We do not so construe the letter. It bears no conclusion as a contract between appellant and appellee's debtors. It is evidentiary in character, subject to explanation, retraction, and abrogation; it is not a novation. It has for its forbearer a contract and bill of sale between the purchaser (appellant) and the seller (Grissom-Robertson Stores, Inc.) for.the purchase of certain merchandise in bulk, and its legal entity is subject to the terms of such contract and bill of sale. Furthermore, its very terms show that appellant assumed only two specific contracts, i. e.,

Butterick Publishing Company and Pictorial Review Company, which fact, in itself, excludes the assumption of appellee's contracts. "Current obligations," mentioned in the letter, cannot be construed as relates to obligations based on contracts for future service. "Current" means "passing in time," or "be-, longing to the time actually passing," "now' passing, present in its course, as the current month." 17 C. J. 408. As applied to current obligations, it denotes the obligations then passing or present in its progress; the service rendered and the compensation therefor measured by the time of the occurrence of the event. It does not include past-due obligations of services rendered, or of obligations for services to be performed in the future. There is no past-due obligations on appellee's contracts, their covenants were for rental of electric signs to be performed, in the future, and payment therefor is not present, but due on the happening of future performance of service. They are executory contracts, and.not current obligations. However, be that as it may, evidence is admissible to show the species of current obligations which was intended by the parties. The contract and bill of sale, on which the letter is based, and the uncontroverted parol testimony, show that appellant assumed only 60 per cent. of the specifically named debts of Grissom-Robertson Stores, Inc.; two named contracts, Butterick Publishing Company and Pictorial Review Company, and the salary 'due employees for a definite length of time. · We think that the letter clearly gave notice that the purchaser (appellant) did not assume appellee's indebtedness, that it only assumed the indebtedness, contracts, the monthly bills specifically named. Manifestly, the bulk sales letter is not a concluded contract between appellant and appellee, or appellee's debtor; it only evidenced a pre-existing contract which conclusively discloses that appellant did not assume appellee's obligations.

■■■ It is a well recognized rule in this state that the intention of the parties to a written contract must be determined primarily from the terms of the instrument itself, but when the meaning of the language is doubtful or ambiguous it is subject to explanation. Assuming the letter to be a contract and the language used misleading—interpreted by appellee to its injury—yet, in the absence of proof that its design and intent was to deceive, it would not give rise to appellee acquiring a right inconsistent with the rights of appellant. The entire record discloses that it was not the intention of appellant to assume or agree to pay the obligations sued upon in Dallas county; the passing of the letter was not attended by fraud, actual or constructive, and the noncompliance with the Bulk Sales Law will not confer venue out of the county of the purchaser's domicile; it might be said that, on a trial of

the merits of the case, a noncompliance with the Bulk Sales Law would operate as a constructive assumption, and the property transferred in violation thereof would be subjected to the payment of debts, but such would not confer jurisdiction in a county other than of the residence of the constructive assumptor. Venue is one thing; legal liability another.

The privilege to be sued in the county of one's residence is a valuable right, and in order to maintain a suit against him in some other county, there must not only be a liability alleged and proven, but a liability evidenced by an instrument in writing to pay the obligation in the county where the suit is instituted, or such actionable fraud, or trespass, as to give venue, which do not abound in this case. We therefore conclude that there is no assumption of appellee's contract and no actionable fraud alleged or proven as would confer venue in Dallas county, and appellant's plea of privilege should have been sustained, and the suit on its merits transferred to the district court of Reeves county. Our conclusion, as stated, is without·prejudice to the future action on the merits of the suit. The judgment of the lower court·is therefore reversed, judgment on the merits set aside, appellant's plea of privilege sustained, and the suit transferred to the district court of Reeves county, in accordance with the statutes (see Vernon's Ann. Civ. St. arts. 1995, 2007) relating to such plea.

Reversed and remanded, with instructions.