

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 21, 1975

The Honorable Everett L. Anschutz
Executive Secretary
Employees Retirement System of Texas
Box 12337, Capitol Station
Austin, Texas 78711

Opinion No. H- 537

Re: Computation of Judicial
Retirement Benefits.

Dear Mr. Anschutz:

You have requested our opinion concerning the construction of that portion of article 6228b, section 2(a), V. T. C. S., which provides for an addition of ten percent of a judge's salary to his retirement payments.

Article 6228b, section 2(a), provides in pertinent part:

> An additional ten per cent (10%) of the applicable salary shall be added to the base retirement payments to the following judges: (1) those eligible for retirement under any provisions of this Act as amended who retire at or before age seventy (70); (2) those who are not eligible by length of service to retirement benefits at age 70 but who retire immediately upon becoming eligible; and (3) those in office on September 1, 1967, who then are or during their current term of office will be seventy (70) or more years of age and who retire at or before the end of their current term of office; . . .

You ask whether a judge is entitled to the additional ten per cent when he began his first six year term on January 1, 1963, began an additional six year term on January 1, 1969, reached 70 years of age on November 27, 1971, completed 10 years service on January 1, 1973, and served his entire second term ending December 31, 1974.

It is apparent under these facts that the judge is not entitled to the additional ten per cent. He did not retire at or before age 70 and is not so entitled under (1). While he was "not eligible by length of service to retirement benefits at age 70," he did not retire "immediately upon becoming eligible" (the tenth anniversary of his original election) and therefore is not entitled under (2). Nor did he become 70 during his current (as of Sept. 1, 1967) term of office, "current" meaning "now passing, present in its course, as the current month," Pecos Mercantile Co. v. Texlite, Inc., 65 S. W. 2d 811 at 812 (Tex. Civ. App. --Dallas, 1933), aff'd. 96 S. W. 2d 73 (Tex. Sup. 1936), and therefore is not entitled under (c). Consequently, it is our opinion that a judge is not entitled to the additional ten per cent under these facts.

### SUMMARY

Where a judge neither retired at or before the age of 70, nor retired immediately upon becoming eligible, and did not become 70 years of age during his term of office which included September 1, 1967, he is not eligible for the additional ten per cent provided by article 6228b, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg