FLETCHER C. HOWETH v. ROBERT MILLS AND ANOTHER.

Where a third person claims property taken in execution, and gives bond under the Statute to try the right, he cannot sustain a distinct action to enjoin the sale, and for damages.

It would seem that the giving of bond to try the right to property taken in execution, is a waiver of the trespass, if any, committed in making the levy; not merely as to the officer, but also as to the plaintiff in execution who directs the levy to be made.

Whether a levy upon land with us, operates a disseizin of the judgment debtor, it is not necessary to decide. Where it is held that it does have the effect to oust the debtor, and vest actual seizin in the creditor, it is also held that a levy on land which does not belong to the debtor, does not work a disseizin of the true owner. Hence an action will not lie by the true owner, for damages for making a levy on land which does not belong to the defendant in execution, without allegation of special acts of trespass on the property.

Error from Henderson. Tried below before the Hon. John H. Reagan.

Tandy Howeth, Sheriff, levied an execution in favor of Robert Mills and John W. Jockusch against John P. Walton and another, on a lot of ground and storehouse, and stock of goods in the storehouse, in possession of Fletcher C. Howeth. The property was pointed out by the attorney of the plaintiffs in execution. F. C. Howeth brought this action against the Sheriff and the plaintiff in execution for damages for the trespass in making said levy; and it appeared from the petition that the plaintiff had claimed the stock of goods and given bond to try the right. The Court sustained a demurrer to the petition, and dismissed the suit.

*J. E. Cravens,* for plaintiff in error.

*E. H. Horrell,* for defendants in error.

WHEELER, J.. It does not certainly appear by the averments in the petition, whether the injury complained of was occasioned by the levy upon the personal or real property of the plaintiff. As respects the former, the having resorted to the statutory remedy to try the right of property, was a waiver of the remedy by action. The plaintiff had elected his remedy, and must abide by it. As respects the latter, the petition does not allege a trespass or any act which amounted to a trespass. It is not averred that the Sheriff went upon the land in making the levy ; nor that the defendants did any act injurious to the plaintiff's title or possession of his real property. Whether a levy upon land, with us, operates a disseizin of the judgment debtor, it is not necessary to decide. The plaintiff was not the judgment debtor. Where it is held that it does have the effect to oust the debtor, and vest actual seizin in the creditor, it is also held that a levy on land which does not belong to the debtor, does not work a disseizin of the true owner. (Howe v. Bishop, 3 Metcalf, 26; Blood v. Wood, 1 Id. 528.) The plaintiff claims to be the owner, and the mere levy of the execution did not work a disseizin as to him, nor does he aver any actual disseizin or any act committed to the reality injurious to his possession or right. He avers that in consequence of the levy he was deprived of the possession, use and occupation of the house and prevented from selling his goods ; but he does not state whether it was in consequence of the levy upon the land or the goods ; if the latter it was waived ; if the former, it should have been distinctly averred. The facts relied on as giving the right to the remedy sought, should have been stated with such distinctness and certainty, as not to require the aid of argument and inference ; and they should appear to be such as gave a right of action.

The Court did not err in dismissing the petition, and the judgment is affirmed.

Judgment affirmed.