## GUARANTY MORTGAGE CO. et al. v. NOWELL.
### No. 1484.

Court of Civil Appeals of Texas. Waco.
May 10, 1934.

Rehearing Denied June 7, 1934.

Geo. T. Burgess, of Dallas, and R. A. Kilpatrick, of Cleburne, for appellants.

E. A. Rice and Irwin T. Ward, both of Cleburne, for appellee.

ALEXANDER, Justice.

This appeal challenges the correctness of the ruling of the trial court on the pleas of privilege filed by the defendants. In 1931, the Guaranty Mortgage Company, a corporation, entered into a written contract with G. L. Nowell for the exchange of certain real properties owned by said parties and situated in Cleburne, Johnson county. By the terms of the agreement, Nowell was to execute a vendor's lien note in the sum of $1,650 on the property received by him. Said contract further provided, in part, as follows: "It is also agreed and understood by the party of the 1st part that the party of the 2nd part (Nowell) is to receive, in view of his having entered into the contract to trade for this property, located at 708 N. Robinson Street, to do all the work of papering and painting on a house owned by the party of the 1st part, at 416 W.

Willingham Street and also all the work of papering and painting on the L. R. Myers premises located at 307 N. Robinson Street, bearing in mind that the party of the 2nd part's prices on this kind of work are consistent with the average monies paid out for this kind of and amount of labor. It is also agreed by the party of the 2nd part is now the possessor of a home, formerly owned by the Guaranty Mortgage Company and that he is to pay to the party of the 1st part certain stipulated payments on this home, that he is to be given every consideration to do such work of papering and painting of the party of the first part may have cause to be done on their property located in Cleburne, Texas."

When the trade was finally consummated and the property conveyed by Guaranty Mortgage Company to Nowell, the deed recited that the Guaranty Building & Loan Company, another corporation, had advanced the money to pay the balance of the purchase price of the property conveyed to Nowell, and hence the vendor's lien note for $1,650 was made payable to Guaranty Building & Loan Company. Nowell brought this suit in the district court of Johnson county against both Guaranty Mortgage Company and Guaranty Building & Loan Company, and alleged, among other things, that at the time of the making of the above contract said two corporations owned jointly the property being traded to plaintiff, as well as various other houses and lots in the city of Cleburne; that, while the title to such property was in Guaranty Mortgage Company, the property was actually owned by said corporations jointly; that said two corporations were owned, controlled, and managed by the same persons and for all practical purposes were one and the same company operated under two different names and that the agent of one was the agent of the other; that each of said corporations had a local agent residing in Johnson county and that the contract sued on was made by and for the joint benefit of both of said corporations; that each of said corporations had refused to employ plaintiff to do the work provided for in said contract and that as a result he had sustained damages in the sum of $2,000. Plaintiff prayed for judgment against both of said corporations for the damages sustained by him as the result of the breach of said contract and that so much of such recovery as necessary be applied to the payment of the $1,650 note executed by him to Guaranty Building & Loan Company, and that the lien held by said company on the property conveyed to him be canceled. Guaranty Mortgage Company filed a plea of privilege to be sued in Dallas county, and Guaranty Building & Loan Company filed a plea of privilege to be sued in Galveston county. The pleas were duly controverted. The court heard evidence and overruled the pleas. Each of the defendants appealed.

■ There was ample evidence to establish that the defendant Guaranty Mortgage Company was a private corporation and that it had an agent in Johnson county where the suit was brought. Hence, as to said defendant, the suit was properly maintainable in that county. Revised Statutes, art. 1995, subd. 23.

■■ We are also of the opinion that the evidence was sufficient to support the plaintiff's allegations and the court's implied finding that the local agent of the Guaranty Mortgage Company who resided in Johnson county was also the local agent of the Guaranty Building & Loan Company. There was evidence to the effect that the same parties controlled each of said corporations. The offices of the two corporations were maintained in the same room. The policy followed consistently by said corporations in the conduct of their business was as follows: The Guaranty Building & Loan Company loaned money on real estate. If a foreclosure became necessary, Guaranty Mortgage Company bought the property in at the foreclosure sale. When the property was resold, the deed recited the payment of the full consideration in cash to Guaranty Mortgage Company. If the purchaser could not pay the full price in cash, the deed recited that Guaranty Building & Loan Company had advanced a part of the purchase price, and a vendor's lien note was executed in its favor. The evidence further showed that approximately eighty pieces of property in Cleburne, the title to which stood in the name of Guaranty Mortgage Company, had been acquired in this manner. We cannot say that the evidence was insufficient to support the court's implied finding that Guaranty Building & Loan Company had a local agent in Johnson county and hence was suable in that county under subdivision 23 of the venue statute. However, if we be mistaken in this, said last-named corporation was clearly suable in Johnson county under subdivision 14 of Revised Statutes, art. 1995, which provides, in effect, that all suits to remove incumbrances from the title to land must be brought in the county where the land lies. The plaintiff alleged that said contract was made for the joint benefit of both of said corporations; that he had been damaged by

the breach of the contract, and prayed that the damages sustained by him be applied to the note held by Guaranty Building & Loan Company and that its lien on the land to that extent be canceled. The land was situated in Johnson county. Consequently the suit for the cancellation of the lien held by Guaranty Building & Loan Company was maintainable against said corporation in Johnson county. Smith v. Abernathy (Tex. Civ. App.) 6 S.W.(2d) 147; Dees v. McDonald (Tex. Civ. App.) 36 S.W.(2d) 301, par. 1.

The appellants assert that the contract sued on was unilateral; that it did not bind Nowell to do the work provided for therein and hence was not binding on Guaranty Mortgage Company. We do not agree with this contention. By the terms of the contract, Nowell, for a consideration paid, secured an option on the privilege of doing the work therein provided for at the customary price paid for such work. The contract was therefore binding on the defendant corporation even though Nowell was not absolutely bound to do the work. 10 Tex. Jur. 157; Johnson v. Breckenridge-Stephens Title Co. (Tex. Com. App.) 257 S. W. 223.

The trial court did not err in overruling the pleas of privilege. The judgment of the trial court is therefore affirmed.