## GUARANTY BUILDING & LOAN CO. v. NOWELL.
### No. 10039.

Court of Civil Appeals of Texas. Galveston.
Oct. 18, 1934.

Rehearing Denied Dec. 6, 1934.

Stewarts, Noble Carl, and Byron Economidy, all of Galveston, for appellant.

I. T. Ward and E. A. Rice, both of Cleburne, for appellee.

GRAVES, Justice.

Appellant's general statement of the nature and result below of the suit—correct as such —together with its propositions for a reversal, are as follows:

"On January 24th, 1932, Guaranty Building & Loan Co. filed suit in the District Court of Galveston County against G. L. Nowell, upon a promissory note dated January 15th, 1931, executed by Nowell and payable to the Guaranty Building & Loan Co. at Galveston, in the sum of $1,650.00, and for foreclosure of a Deed of Trust lien upon the North ½ of Lot 5 in Block 91, in Cleburne, Johnson County, Texas, which secured the payment of the note.

"On January 31st, 1934, Nowell filed his plea in abatement in the District Court of Galveston County and made known that, prior to the commencement of the suit in Galveston County, on January 12th, 1933, Nowell had filed suit against the Guaranty Building & Loan Co. and the Guaranty Mortgage Company, both duly incorporated, in cause No. 14,477, in the District Court of Johnson County, Texas, and alleged the subject-matter and cause of action in both suits to be the same and to involve the same transactions, and prayed for dismissal of the suit in Galveston County. There was attached to this plea in abatement a certified copy of the original petition in cause No. 14,477, in the District Court of Johnson County, Texas, and sheriff's return showing service therein.

"Guaranty Building & Loan Co. filed a demurrer to the plea in abatement and alleged that the causes of action in the two suits were not the same, because of the failure of the petition in the Johnson County suit to state a cause of action.

"On April 20th, 1933, the Court sustained the plea in abatement and dismissed the suit of the Guaranty Building & Loan Co., from which action this appeal regularly proceeds.

"Propositions upon which This Appeal is
Predicated.

"1. A suit will not be abated by a prior suit pending in another Court, in which no cause of action is stated and which cannot be amended so as to state a cause of action.

"2. A party's suit will not be abated by pendency of a prior suit in another court in which such party is improperly joined.

"3. Suit on note and to foreclose a Deed of Trust which abated due to pendency of another suit, was suspended merely and could not be dismissed."

After ably arguing the first two of these propositions, together with the citation of authorities urged in support thereof, appellant's counsel make this statement: "We concede that, had Nowell stated a cause of action in his suit in Johnson County, the suit in Galveston County should be abated until final disposition of the Johnson County suit (Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063), and further, that if such petition could be amended, without changing the cause of action, so as not to be subject to demurrer, the Galveston County suit should be abated. If, however, as in the present case, the petition cannot be corrected and is

so fatally defective that it will not support the relief prayed for, then such a suit will not abate a subsequent suit."

■ In view of this concession, the controlling issue upon the appeal seems to be reduced to one of whether or not the appellee's original petition in the Johnson county suit either did or was susceptible of such amendment as to state a good cause of action, and, by way of rejoinder in his brief here, the appellee presents that the question thus raised has been directly foreclosed adversely to the appellant in Guaranty Mortgage Co. et al. v. Nowell (Tex. Civ. App.) 72 S.W.(2d) 354, 356; the position is well taken. It is true that the decision of the Waco court in that cause was based upon an amended petition filed therein by Nowell, whereas the suit at bar was upon his original petition, but the Waco court in its decision not only determined that the original petition was susceptible of such amendment, but also that the contract upon which alike they were based was in all respects valid and enforceable, saying in part upon that subject this: "The appellants assert that the contract sued on was unilateral; that it did not bind Nowell to do the work provided for therein and hence was not binding on Guaranty Mortgage Company. We do not agree with this contention. By the terms of the contract, Nowell, for a consideration paid, secured an option on the privilege of doing the work therein provided for at the customary price paid for such work. The contract was therefore binding on the defendant corporation even though Nowell was not absolutely bound to do the work. 10 Tex. Jur. 157; Johnson v. Breckenridge-Stephens Title Co. (Tex. Com. App.) 257 S. W. 223."

This holding, it is thought, determines the merits of this controversy against appellant and is willingly followed here, since it is our conclusion also that the amendment to the appellee's petition there passed upon as stating a good cause of action did not in any way structurally change the original one that is still here involved; if that be true, it follows as a matter of course that it could be properly so amended.

■ Furthermore, the third contention of appellant, that this suit was merely suspended hence could not properly be dismissed, is likewise unsound, because the trial court had no power to so interfere with the previously acquired jurisdiction over the whole controversy of the district court of Johnson county, Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1071, par. (16) particularly par. (23),

subsection (2); Burdett v. State, 9 Tex. 43; Palestine Water & Power Co. v. City of Palestine, 91 Tex. 540, 44 S. W. 814, 40 L. R. A. 203. Especially is this declaration of our Supreme Court in the Cleveland v. Ward Case apropos: "Since the Dallas county district court had no jurisdiction of this particular case, what was done therein was necessarily void, for judicial action without jurisdiction is void. Freeman on Judgments (5th Ed.) vol. 2, p. 1351, volume 1, pp. 672, 673, § 335; Burdett v. State. 9 Tex. 43, 44."

Since the discriminating frankness of appellant's very capable counsel has, in the quoted declaration, so gotten at the pith of this controversy as to materially reduce this court's labor in determining it, further detailed discussion is deemed unnecessary. The trial court's judgment has therefore been affirmed.

Affirmed.