## RADO REFINING & PRODUCING CO. v. LUCAS et al.

### No. 3346.

Court of Civil Appeals of Texas. El Paso.

March 19, 1936.

R. D. Cox, Jr., of Mission, D. B. Chapin, of Longview, and Strickland, Ewers & Wilkins, of Mission, for appellant.

Cecil D. Redford and Lester S. Whipple, both of San Antonio, and L. R. Brooks, of Rio Grande, for appellees.

WALTHALL, Justice.

Mrs. Eulora L. Lucas and husband brought this suit in trespass to try title against Rado Refining & Production Company, a corporation, and stating its president to be Walter K. Campbell, who resides in Hidalgo county, and a number of others whose names and residences we need not state.

The land involved in this suit is stated in the original petition as lying and being situated within the county of Starr and state of Texas, and is further more particularly described by block numbers and otherwise, all within the county of Starr and the state of Texas.

The petition is in the usual form of a suit in trespass to try title. The original petition in its several paragraphs states plaintiff's cause of action severally against the individual defendants, including appellant, which we need not state here.

To plaintiff's suit appellant filed its verified plea of privilege to be sued in Hidalgo county, the place of its residence and place of business, and that this suit does not come within any of the exceptions in the venue statute authorizing it to be brought in Starr county.

Plaintiffs filed a verified controverting plea in which it is stated: This is an action in trespass to try title as well as for damages and that the title sought to be recovered is in land lying and being in the county of Starr and state of Texas.

To plaintiff's controverting plea appellant filed a demurrer, which the court overruled.

Plaintiffs offered in evidence their original petition. Witness J. G. Jeffries testified that he knew where the land in the suit is supposed to be situated; stated how one would go to get there; said it is about 15 miles northeast from Rio Grande City; had always understood the place where the land described is situated is in Starr county.

Lauro Garza testified: Is county clerk of Starr county; lives in Rio Grande City;

has lived there since 1916; it is about 30 miles from Rio Grande City to the East county line; a point 15 miles northeast of Rio Grande City would be in Starr county.

Only two facts are necessary to be considered, viz., the nature of the suit and the location of the land. The nature of the suit must be determined by the petition, and the location of the land is shown by the evidence on the hearing of the plea. The court may look to the pleadings of the plaintiffs to ascertain the nature of the suit. If the nature of the suit is the recovery of land or damages, it is, as in subdivision 14 of article 1995 of the Revised Civil Statutes, the suit must necessarily be brought in the county in which the land is situated. Here the nature of the suit is such as to necessitate its being brought in the county where the land lies. The petition alleges the land to be in Starr county. The evidence is sufficient to show that it does lie in Starr county.

The case is affirmed.