TEXLITE, INCORPORATED, V. PECOS MERCANTILE COMPANY.

No. 6693. Decided July 22, 1936.
(96 S. W., 2d Series, 73.)

*Leake, Henry & Young* and *Hawkins Golden,* all of Dallas, for plaintiff in error.

*Wagstaff, Harwell, Wagstaff & Douthit,* of Abilene, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals has correctly decided this case. For its opinion see Pecos Mercantile Co. v. Texlite, Inc., 65 S. W. (2d) 811. The only question decided by that court was one of venue. We have examined the controverting plea to the plea of privilege and find that it is insufficient to present any issue of estoppel or fraud. It is true that in Paragraph 4 of the plea it is stated that the court has venue by virtue of Article 1995, Subdivisions 5 and 7, but the specific allegations of fact all relate to Subdivision 5 and no facts are alleged under which venue could be sustained under Subdivision 7. Subdivision 5, in substance, provides that suit may be brought in the county in which the defendant has contracted in writing to perform an obligation. Subdivision 7 provides that suit may be brought in the county in which fraud is committed.

It is required by Article 2007 that the controverting plea set out specifically the fact or facts relied upon to confer venue of the cause on the court where same is pending. This requirement is not met by a general allegation that the court has venue in virtue of a given exception. Coalson v. Holmes, 111

Texas, 509, 240 S. W., 896; World Co. v. Dow, 116 Texas, 146, 287 S. W., 241; Richardson v. Cage Co., 113 Texas, 152, 252 S. W., 747; Duffy v. Cole Petroleum Co., 5 S. W. (2d) 495.

The controverting plea is sufficiently specific to present the issue of whether the defendant in error contracted in writing to perform an obligation in the county in which this suit was instituted. That is the only question properly presented for decision and, since the holding of the Court of Civil Appeals thereon meets with our approval, no reason is perceived for writing further upon it. We discern no conflict between that holding and the holding of the San Antonio court in Hart v. Wynne, 40 S. W., 848, relied upon by plaintiff in error.

The judgment of the Court of Civil Appeals will be affirmed.

Opinion adopted by the Supreme Court July 22, 1936.