## COCKBURN v. NOXON.

### No. 10914.

Court of Civil Appeals of Texas. Galveston.

Dec. 14, 1939.

Rehearing Denied Jan. 11, 1940.

J. L. Webb, of Houston, for appellant.

Chester H. Johnson, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment sustaining a plea in abatement and dismissing a suit brought by appellant, H. C. Cockburn, against appellee, E. G. Noxon, in the 61st District Court of Harris County. The plea was dismissed for the reason that there was at that time a suit pending in a court of co-ordinate jurisdiction between the same parties and involving the same subject matter.

The record shows that on December 30, 1938, appellee filed suit in the 80th District Court of Harris County against appellant H. C. Cockburn and the Cockburn Oil Corporation, alleging that Cockburn had agreed to purchase from him certain oil and gas leases for an agreed consideration of $100,000 cash; that Cockburn had paid him the sum of $1,500 on the purchase price of said leases, and that he was prepared to execute assignments of said leases upon the payment of the balance due him of $98,500, but that Cockburn had failed and refused to carry out his said contract. He alleged that one George Echols had drilled a well on one of said leases under a contract with the Cockburn Oil Corporation; that he had made no contract with the Cockburn Oil Corporation, but that if said corporation was a party to the contract he had made with H. C. Cockburn, then his contract was with both of said defendants, jointly and severally. He sought judgment for specific performance and for the validation of said purchase agreement and for the balance claimed to be due thereon; that a lien be established in his favor against said leasehold interests and for judgment foreclosing his said lien.

H. C. Cockburn and the Cockburn Oil Corporation answered by general demurrer, by general and special denials, and specially pled that if said agreement was made it was based on an oral contract for the sale of an interest in land and was within the statute of frauds and void.

On January 5, 1939, six days after the filing of said suit in the 80th District Court, appellant Cockburn filed a suit against appellee Noxon in the 61st District Court of Harris County. He alleged that on October 17, 1938, Noxon borrowed the sum of $1,500 from him for the purpose of purchasing an oil lease, and had promised to repay him upon the sale of said lease; that Noxon had sold said lease but that he had refused to repay him. He sought

judgment for his debt in the sum of $1,500.

On January 23, 1939, Noxon filed a plea in abatement and an answer in the suit filed against him by Cockburn in the 61st District Court. He alleged that on December 30, 1938, he had filed suit against Cockburn and the Cockburn Oil Corporation in the 80th District Court of Harris County, and that said suit was still pending; that an adjudication of the first suit in favor of Noxon would be res adjudicata as to the second suit pending in the 61st District Court; that the 80th District Court had acquired jurisdiction of the parties and subject matter therein; that the parties were the same in both suits and that there could be an adjudication in the suit filed in the 80th District Court as to whether Noxon owed Cockburn the sum of $1,500 on account of money borrowed, or whether Cockburn had paid Noxon said $1,500 on account of the purchase price for said oil leases, and that the 80th District Court of Harris County, by virtue of the pendency of said prior suit, had acquired full jurisdiction of the subject matter and controversy between the parties plaintiff and defendant in the second suit.

On a hearing on the plea in abatement before the 61st District Court the only evidence offered on the plea was the petitions and answers in the two suits, the file mark showing that the suit in the 80th District Court was filed first, and a stipulation that there was but one $1,500 transaction between the parties.

Upon consideration of the plea, the court entered judgment sustaining the plea in abatement and entered judgment dismissing the second suit.

Appellant bases his appeal on the alleged facts that, since the subject matter, causes of action, relief sought, and parties to the two suits are not the same or substantially the same, it was error on the part of the trial court to sustain said plea in abatement, and on the further contention that, since Noxon, in the second suit, only asked that said second suit be abated, it was error for the court to render judgment dismissing the suit.

The Supreme Court in the case of Cleveland et al. v. Ward, Judge et al., 116 Tex. 1, 285 S.W. 1063, under a state of facts similar in many respects to the facts in the instant case, has definitely passed on all of these contentions.

In that case suit was brought by John L. Cleveland and Annie H. Cleveland in the District Court of Johnson County, Texas, against the Home National Bank of Cleburne for the cancellation of certain notes and a deed of trust securing them, and the removal of a cloud cast thereby on title to the land described in the deed of trust. Six days after the filing of this suit, the Home National Bank, defendant therein, joined by Joseph B. Long and W. S. Whaley, filed suit in the district court of Dallas County against John L. Cleveland and Annie H. Cleveland, plaintiffs in the Johnson County suit, and also against George Cleveland and T. K. Cleveland. The object of this suit was to recover judgment on the identical promissory notes and to foreclose the same deed of trust for the cancellation of which John L. Cleveland and Annie H. Cleveland had previously brought suit in the district court of Johnson County.

All of the Clevelands filed a plea in abatement in the Dallas County suit, setting up the pendency of the Johnson County suit at the time of the filing of the Dallas County suit, stating that the issues and the real parties at interest in the two suits were the same. Later the original plaintiffs in the Johnson County case filed in that cause their first amended original petition wherein they, as well as T. K. Cleveland and George Cleveland, were named as plaintiffs, and in addition the Home National Bank, W. S. Whaley, Joseph B. Long and the American Exchange National Bank, were named as parties defendant. The petition alleged that the American Exchange National Bank was claiming some interest in the property, or was in some way holding some of the notes involved in the controversy. The prayer was for rescission and cancellation of the instruments involved in the litigation.

By this amendment the parties in the two cases were made identical, except that in the Johnson County case there was one additional, apparently necessary, party defendant. They involved the same subject matter, the same transactions, and the relief in one would be res adjudicata as to the relief prayed for in the other suit.

The parties in the two suits involved in this appeal are also identical, except that the Cockburn Oil Corporation is made a party defendant in the first suit because of an apparent interest in the oil leases involved in the suit evidenced by a contract

between the Cockburn Oil Corporation with George H. Echols to drill a well on one of said leases. Noxon pled that, if it is made to appear on the trial of said cause that said defendant corporation was a party to plaintiff's contract with the defendant Cockburn, then that his said contract was with both of said defendants, jointly and severally, and that, by reason of said allegations, defendant Cockburn Oil Corporation has also breached said contract to the extent therein alleged.

From the above facts it is apparent that both H. C. Cockburn and the Cockburn Oil Corporation were proper parties to the suit filed in the 80th District Court; that both suits involve the same $1,500.00 transaction, and that a recovery by plaintiff in the first suit would necessarily be res adjudicata as to the cause of action asserted by Cockburn in the second suit.

It is true that the relief sought in the 80th District Court is for specific performance of a contract and for the establishment of a lien on certain leases and that the relief sought in the 61st District Court is for the recovery of money borrowed. However, since jurisdiction attached to the subject matter involved in both suits upon the filing of the suit in the 80th District Court, under the rule laid down in Cleveland v. Ward, supra, this court was authorized to exercise its jurisdiction to dispose of the whole subject matter of the litigation and adjust equities between the parties, and this authority could not be taken away or arrested by the subsequent filing of the suit in the 61st District Court. Further, Cockburn may assert whatever defenses he may have in the subject matter of his suit in the suit filed in the 80th District Court.

Appellant contends that the court erred in dismissing the suit filed in the 61st District Court and that the extent of his authority, under the pleadings and evidence, was merely to abate and suspend the action in said court.

We cannot sustain this contention. It is now the established law in this state that when a court of competent jurisdiction acquires jurisdiction of an action and the parties thereto, this jurisdiction can not be destroyed, diminished or suspended by one of the parties thereto bringing an action in another court, and that any judgment or order of the latter court is void so far as it conflicts with any judgment or order of the court first acquiring jurisdiction, and that it was the duty of the trial court

to dismiss said suit. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Guaranty Building & Loan Co. v. Nowell, Tex.Civ. App., 76 S.W.2d 830; Freeman on Judgments, 5th Ed. vol. 1, page 672.

For the reasons above stated, the judgment of the trial court is in all things affirmed.

Affirmed.