**Emil LASKOWSKI et ux., Appellants,**

v.

**W. H. HOLLAND et al., Appellees.**

No. 3729.

Court of Civil Appeals of Texas.

Eastland.

May 25, 1962.

Ronald Smallwood, Karnes City, for appellants.

Ewers, Toothaker, Ewers, Elick, Byfield & Abbott, McAllen, for appellees.

GRISSOM, Chief Justice.

Emil Laskowski and wife sued W. H. Holland and others in Karnes County. Holland filed a plea of privilege to be sued in Hidalgo County, where he resides. The court sustained Holland's plea of privilege. Plaintiffs have appealed.

None of the defendants reside in Karnes County. The first count in plaintiffs' petition was in trespass to try title. Plaintiffs alleged they owned and were in possession of the land in controversy on July 26, 1958, when they were dispossessed by defendants. They alleged that the land is now subject to an oil lease executed by them to Shell Oil Company; that Holland and other defendants claimed title to a part of the royalty reserved by plaintiffs in their lease to Shell; that plaintiffs on July 26, 1958, in August 1958, and in August 1959, executed and delivered three royalty deeds to W. H. Holland; that at the time said royalty deeds were executed and delivered to Holland, Shell owned an oil lease on said land which had been executed by the plaintiffs to Jarmon, as lessee; that in the lease to Jarmon plaintiffs reserved a $\frac{1}{8}$th royalty and that they owned only a $\frac{1}{8}$th royalty when they executed and delivered said three royalty deeds to Holland; that at the time of the delivery of the royalty deeds to Holland, it was agreed between plaintiffs and Holland that plaintiffs were selling to Holland only $\frac{3}{4}$th of the $\frac{1}{8}$th royalty reserved by the Laskowskis in their lease to Jarmon; that said lease to Jarmon, which had been assigned to Shell, terminated on September 1st, 1959, and on the same day plaintiffs executed a new lease to Shell, wherein they reserved a $\frac{3}{16}$ths royalty, instead of the $\frac{1}{8}$th royalty which they had reserved in their prior lease to Jarmon; that there existed a dispute between plaintiffs and defendants as to the amount of royalty conveyed by their three royalty deeds to Holland. Plaintiffs alleged that they owned $\frac{3}{32}$nds of the royalty under their present lease to Shell and that Holland and other defendants who claimed through Holland, owned only $\frac{3}{4}$ths of $\frac{1}{8}$th of the royalty; plaintiffs alleged, in the alternative, that if it were held that their royalty deeds to Holland conveyed

¾ths of plaintiffs' ⁹⁄₁₆ths royalty reserved in plaintiffs' lease to Shell said deeds did not express the real agreement and should be reformed. Plaintiffs then alleged, in the further alternative, that the cash market value of the ¹⁄₁₆th royalty in controversy was $50,000.00, and if said royalty deeds were not reformed plaintiffs were entitled to recover that amount from Holland in lieu of a recovery of the ¹⁄₁₆th royalty in dispute or, in the alternative, the amount Holland received for that interest. Plaintiffs prayed that they recover from all defendants, except Shell, the title and possession of ⁹⁄₃₂nds of the royalty; that the court declare that their three royalty deeds to Holland conveyed only ¾ths of ⅛th royalty, instead of ¾ths of the ⁹⁄₁₆ths; that, in the alternative, said royalty deeds be reformed and, if not reformed, that they recover $50,000.00 from Holland.

Holland filed a plea of privilege to be sued in the county of his residence. Plaintiffs amended controverting affidavit made their petition a part thereof and stated that, as shown by the petition, this was a suit for the recovery of land and to quiet title to land brought in Karnes County, where said land lies, and by virtue of Subdivision 14 of Article 1995, Vernon's Ann.Civ.St., venue was in Karnes County. Holland filed a disclaimer of any right, title or interest in the ¹⁄₁₆th royalty in controversy and prayed that the suit against him be dismissed.

Appellants' points are that the court erred in sustaining Holland's plea of privilege and in holding that Holland had parted with his title to the royalty in question prior to the filing of this suit and that he was not a necessary party and that the suit as to Holland was only for damages. Appellants say it was established on the trial that the land in controversy lies in Karnes County and that the Statement of Facts shows that the royalty deeds from Holland to other defendants "purportedly" divested Holland of all interest in the royalty and vested title thereto in the other defendants. They say that appellants' suit against Holland is for the recovery of land and to quiet title thereto

and that, therefore, venue was established in Karnes County because it was admitted that the land is in Karnes County. In support of this conclusion they cite exception 14, Article 1995 and Nunnally v. Holt, Tex. Civ.App., 1 S.W.2d 933. Appellants assail Holland's contention and the court's holding that, because Holland parted with all title to the royalty in controversy prior to the filing of this suit, that he is not a necessary party so far as they seek a recovery of said royalty or a reformation of said royalty deeds and that the suit against Holland is merely one for damages. Appellants say that the cases relied on by appellees, to-wit, James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 320; Smith v. Rampy, Tex.Civ.App., 198 S.W.2d 592, and Morris Plan Bank of Fort Worth v. Ogden, Tex.Civ.App., 144 S.W.2d 998 do not support appellees' contentions nor the court's holdings.

In James v. Drye our Supreme Court in an opinion by Judge Griffin said:

"This writ of error was granted because the holding of the Court of Civil Appeals that the suit was a suit for 'the recovery of lands' or 'damages to land' under Section 14 of Article 1995, Revised Civil Statutes, Vernon's Ann.Civ. St. art. 1995 § 14, is in conflict with the holding of the Courts of Civil Appeals in the following cases: Smith v. Rampy, Tex.Civ.App.Amarillo, 1946, 198 S.W.2d 592; Morris Plan Bank of Fort Worth v. Ogden, Tex.Civ.App.Ft. Worth, 1940, 144 S.W.2d 998, and other similar cases. We approve the holding of the earlier cases that suits against former owners of land who have parted with all title prior to the filing of suit are not suits for 'the recovery of lands' or 'damages to land' within the meaning of Section 14, Article 1995, Revised Civil Statutes, 1925."

Appellants say that said statement is dicta and is not controlling here. They say that the holding in Smith v. Rampy is not in point; that it was a suit by Rampy against Smith and others to recover damages for

breach of contract and in trespass to try title; that the contract alleged to have been breached was held not to constitute a partnership; that under the contract Smith was to receive an interest in production only if production were obtained; that production was not obtained and therefore Smith never had any title to support an action of trespass to try title and, therefore, the suit was only to recover damages. Appellants cite McCurdy v. Morgan et al., Tex.Civ. App., 252 S.W.2d 264, wherein it was held that the mere fact that a suit was for a declaratory judgment did not prevent it from being a suit to recover land under Section 14, Article 1995. We agree with this holding. Appellants further say that both the grantor and grantee are necessary parties to a suit for reformation of a deed and, since this suit is maintainable in Karnes County against the defendants who purchased from Holland, as a suit to recover land, it is also maintainable there against Holland under Section 29a, Article 1995.

 It was shown that Holland conveyed the royalty interest he purchased from appellants to other defendants prior to the filing of this suit. He also filed a disclaimer of any interest in the royalty in dispute. The Supreme Court's decision in James v. Drye that suits against former owners of land who parted with title prior to the filing of suit are not suits for the recovery of land, or damages to land, within the meaning of Section 14, Article 1995, compels a holding that appellants' suit against Holland could not be maintained in Karnes County under that exception. Exception 14, Article 1995, was the only exception pleaded by appellants in their answer to Holland's plea of privilege.

In their brief appellants contend that they are also entitled to maintain the suit against Holland in Karnes County by virtue of Section 29a, Article 1995, which provides that if a suit is lawfully maintainable in a certain county under Article 1995, as to any defendant, it may be maintained there against all necessary parties. As-

suming that exception 29a has been pleaded, it was incumbent upon appellants in order to maintain the suit against Holland in Karnes County under that exception to prove by independent evidence facts showing that Holland was a necessary party defendant. Ladner v. Reliance Corporation et al., 156 Tex. 158, 293 S.W.2d 758, 764; Stephenville Production Credit Ass'n v. Drake et al., Tex.Civ.App., 226 S.W.2d 888, 891. No such proof was made. Therefore, appellants had no right to sue Holland in Karnes County by virtue of Exception 29a.

The judgment is affirmed.