**Lee RIDOUT, Appellant,**

v.

**GOLD STAR DISTRIBUTORS, INC., Appellee.**

**No. 4862.**

Court of Civil Appeals of Texas, Eastland.

Jan. 8, 1976.

Rehearing Denied Jan. 22, 1976.

R. W. Glenn, Plano, for appellant.

William J. Ruhe, Jr., Passman, Jones, Andrews, Coplin, Holley & Co., Dallas, for appellee.

WALTER, Justice.

Our opinion and judgment dated December 19, 1975, is withdrawn and the following opinion is rendered in lieu thereof.

This is a plea of privilege case. Gold Star Distributors, Inc., filed suit against Lee Ridout on a sworn account in Dallas County and sought a foreclosure of its alleged statutory and constitutional lien against real property located in Collin County.

Ridout filed his plea of privilege alleging facts which he contended brought him within the exception set forth in Subdivision 14 of Article 1995, V.A.C.S. He also alleged that subsequent to the time he purchased the merchandise described in Gold Star's sworn account, he deeded the real estate to Frank Adams. Gold Star's amended petition made Frank Adams a party.

The court overruled Ridout's plea of privilege and he has appealed. Frank Adams is not involved in this appeal.

Ridout contends the court erred in overruling his plea of privilege because he was entitled to have it granted under Subdivision 14 of Article 1995, Texas Civil Statutes.

The record conclusively shows that Ridout did not own the land in question at the time of trial. He was a resident of Dallas County at the time this suit was filed.

In *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959), the court said:

"This writ of error was granted because the holding of the Court of Civil Appeals that the suit was a suit for 'the recovery of lands' or 'damages to land' under Section 14 of Article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, § 14, is in conflict with the holding of the Courts of Civil Appeals in the following cases: *Smith v. Rampy*, Tex. Civ.App. Amarillo, 1946, 198 S.W.2d 592; *Morris Plan Bank of Fort Worth v. Ogden*, Tex.Civ.App. Fort Worth, 1940, 144 S.W.2d 998, and other similar cases. We approve the holding of the earlier cases that suits against former owners of land who have parted with all title prior to the filing of suit are not suits for 'the recovery of lands', or 'damages to land' within the meaning of Section 14, Article 1995, Revised Civil Statutes, 1925."

"On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment."

We hold Ridout's right to the ruling sought became moot after he sold the Collin County property to Adams.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.