D. H. PENTON et al., Appellants,

v.

PHILLIPS PETROLEUM COMPANY
et al., Appellees.

No. 6896.

Court of Civil Appeals of Texas,
El Paso.

Oct. 17, 1979.

Haley, Fulbright, Winniford, Bice & Davis, W. C. Haley, Waco, Roddy L. Harrison, Pecos, for appellants.

Vinson & Elkins, Ben H. Rice, III, Houston, Stubbeman, McRae, Sealy, Laughlin & Browder, W. D. Browder, Jr., Cotton, Bledsoe, Tighe, Morrow & Dawson, P. C., Charles L. Tighe, Midland, Frank B. Kiser, Jr., Levelland, Ralph Logan, San Angelo, for appellees.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

The question presented in this venue suit is whether or not Section 14 of Article 1995, Tex.Rev.Civ.Stat.Ann., is applicable. The trial Court held that it was not and granted the plea of privilege of Appellee Quintana Petroleum Corporation. We reverse.

Appellants brought this suit against Appellee Quintana Petroleum Corporation and others in trespass to try title of certain lands in Reeves County, Texas. Only Quintana filed a plea of privilege and is involved in this appeal. It was stipulated that the land was located in the county of suit.

Section 14 of Article 1995, supra, requires venue in the county where the land is located if the nature of the suit is one for the recovery of lands or for damages to land. The nature of the suit is determined by allegations of the plaintiff's petition. *Renwar Oil Corporation v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774 (1955); 1 McDonald, Texas Civil Practice sec. 4.22.2 at 488 (1965). Unless Quintana has brought itself within the holding of the Supreme Court in the case of *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959), the requirements of Section 14 are clearly met in this case by the stipulation of the location of the land and the statutory trespass to try title cause of action pled by Plaintiffs.

In that case, the Supreme Court held that the Court of Civil Appeals was in conflict with the cases of *Smith v. Rampy*, 198 S.W.2d 592 (Tex.Civ.App.—Amarillo 1946,

no writ), *Morris Plan Bank of Fort Worth v. Ogden*, 144 S.W.2d 998 (Tex.Civ.App.— Fort Worth 1940, no writ), and "similar cases" in holding that the suit was for "the recovery of lands" or "damages to land" under Section 14 of Article 1995. The Court said:

> We approve the holding of the earlier cases that suits against former owners of land who have parted with all title prior to the filing of suit are not suits for 'the recovery of lands', or 'damages to land' within the meaning of Section 14, Article 1995, Revised Civil Statutes, 1925.

In the case before us, following presentation of evidence, the Court found "that Quintana Petroleum Corporation has never owned or claimed any title, legal or equitable, or interest in the land described in Plaintiffs' pleadings; . . ." We are unable to agree with Quintana that such a finding brings it within the rule announced in *James v. Drye*. Plaintiffs' petition does not allege that Quintana is a former owner who has parted with title prior to suit; rather, it alleges that Quintana presently claims some interest in the lands.

In *James v. Drye*, the plaintiffs' petition established that title was not in issue between plaintiffs and the "James-defendants." Plaintiffs sought a declaratory judgment and accounting of monies they had paid monthly for the use of certain land and facilities for recreational purposes; they alleged that their rights originated with the James-defendants, that the James-defendants had prior to trial sold the land to the other defendants, who were the present owners, and who were denying them the use of the land. Thus, there was no dispute as to title between the plaintiffs and James and no recovery of lands sought from the James-defendants by the allegations of the plaintiffs' petition. In *Smith v. Rampy*, the plaintiff's petition alleged that the defendant had parted with his title prior to suit. In our case, the Plaintiffs alleged that Defendant Quintana claims an interest in their land now. The title is in issue. In *Smith v. Rampy*, the Court said: "Rampy's right to the relief for which he

prayed under his trespass to try title suit had, therefore, become moot as to appellant before the suit was filed and its determination by the court was not necessary." In *Morris Plan Bank of Fort Worth v. Ogden*, the Bank mistakenly had the sheriff levy on the land of Ogden for a judgment it had against a person of a similar name. Ogden brought suit for damages and removal of cloud on title for the wrongful levy. Prior to trial, the Bank filed an instrument in the deed records vacating and cancelling the levy, and prior to trial offered to quit claim any interest in the land. The Court held that the plaintiff's case failed because the nature of his damages was not such "damages to land" as were recoverable under Exception 14 of Article 1995. In support of its decision, the Court cited cases where causes had been dismissed when the issues became moot prior to trial. In our case, the issue of title was not moot at the time of trial.

The case before us came to trial on the venue issue with Appellants contending that Quintana claimed some interest in the land and Quintana disputing that claim. Title is in issue then, and it is a suit for "the recovery of lands" and Section 14 of Article 1995 is applicable. Venue in the county of suit is proper. In essence, Quintana seeks to have the case transferred on the basis that it does not own or claim any interest in the land. There is no cause of action to be transferred, if in fact Quintana does not claim any interest in the land. The issue is one for determination on the trial on the merits. Quintana may be entitled to a dismissal, with proper pleadings, but it is not entitled to a transfer.

The judgment of the trial Court is reversed and the cause is remanded for a trial on the merits.